

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

January 16, 2026

**BY CM/ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

     Re:    *Imran Ahmed v. Rubio, et al.*, No. 25 Civ. 10705 (LAP)

Dear Judge Preska:

     On behalf of our client, Plaintiff Imran Ahmed, we write to request that the Court direct Defendants to produce the administrative record (which we assume would not be burdensome) by January 23, which is one week prior to the deadline for their brief in opposition to Plaintiff's motion for a preliminary injunction in order to permit Mr. Ahmed to address the record in his reply/opposition brief, due February 27. Defendants have told us that it would be "premature at this time" to do so, Ex. A, despite the fact that Mr. Ahmed, of course, has the burden of showing that he is "likely to succeed on the merits." *New York v. U.S. Dep't of Educ.*, 477 F. Supp. 3d 279, 293 (S.D.N.Y. 2020).

     As Your Honor is no doubt aware, courts in this District routinely require federal defendants to produce the administrative record before the parties have briefed a motion for a preliminary injunction or a motion to dismiss. *See, e.g.*, *Am. Fed'n of Gov't Emps. v. U.S. Off. of Pers. Mgmt.*, 786 F. Supp. 3d 647, 659-60 (S.D.N.Y. 2025) (before defendants moved to dismiss); *New York v. U.S. Dep't of Health & Hum. Servs.*, 414 F. Supp. 3d 475, 511 (S.D.N.Y. 2019) (before briefing on preliminary injunction motion). The Administrative Procedure Act ("APA"),

under which Mr. Ahmed seeks relief, specifically provides for review of agency action based on the "whole record" before the agency at the time of its decision. 5 U.S.C. § 706; *see also Comprehensive Cmty. Dev. v. Sebelius*, 890 F. Supp. 2d 305, 308 (S.D.N.Y. 2012). As the government recently explained in a similar case, "district court review ordinarily shall be based on the administrative record prepared by the agency." *Chung v. Trump*, No. 25 Civ. 2412 (NRB) (S.D.N.Y. Apr. 14, 2025), ECF 36 at 4.

Defendants have not offered any explanation, let alone authority, for the proposition that it would be "premature" for them to produce the administrative record soon, as we have proposed. Indeed, we assume that the administrative record here should be relatively easy to produce.[1] If the government actually "sanctioned" Mr. Ahmed on or before December 23, as Defendants have publicly stated, then the documents underlying that action should be readily available and identifiable.

There is yet another reason why production of the administrative record is so important in this case in particular. It is our understanding that the United States government's authority in this area has for many decades been applied exclusively to situations where someone allegedly has advocated for the overthrow of the United States government, *see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 473 (1999) (McCarran–Walter Act powers applied to members of an "international terrorist and communist organization"), or for groups dedicated to committing violence against Americans or American interests, *see AAUP*, 2025 WL 2777659, at *6-39 (describing allegations of support for Hamas, a "designated terrorist organization"). This case, however, obviously has nothing to do with any of that and appears to be based solely on the fact that Mr. Ahmed and his non-profit Center

---

[1] Agency actions under Section 212(a)(3)(C) and 237(a)(4)(C) of the Immigration and Nationality Act proceed through a defined process that should entail: (1) a Record of Action ("ROA") prepared by Homeland Security Investigations; (2) a formal referral letter prepared by the Department of Homeland Security's ("DHS") National Security Division; (3) a recommendation prepared by staff at the Department of State; and (4) a formal determination by the Secretary of State. *American Association of University Professors v. Rubio*, 2025 WL 2777659, at *5 (D. Mass. Sept. 30, 2025) ("*AAUP*").

for Countering Digital Hate ("CCDH") have criticized the practices of X Corp., an American company. Compl., ECF 1 ¶¶ 28-41; *see also* ECF 11-1, 11-2. Defendants' targeting of Mr. Ahmed thus represents an unprecedented, even radical re-interpretation of the government's authority in this area, which is now suddenly being applied to people who merely criticize the operations of American corporations, an interpretation which, aside from its obvious unconstitutionality, would have no limits on who could be sanctioned. *AAUP*, 2025 WL 2777659, at *3 n.6 (Section 237(a)(4)(C) has never before "been employed in the context of domestic speech"). The whole point of the APA is to allow persons subject to such sudden and drastic changes in agency policy to challenge their legality and to obtain the record in order to understand the basis for the government's actions. *See, e.g.*, *Comprehensive Cmty. Dev.*, 890 F. Supp. 2d at 308.

Given the above and the current schedule, Defendants should be required to produce the administrative record by January 23, which is one week before the deadline for them to file their upcoming papers. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 2022 WL 2805464, at *5 (S.D.N.Y. July 18, 2022) ("It is prudent and efficient for the Court to determine the contents of the whole record before the parties brief whether agency action should be set aside in light of that record."); *Saget v. Trump*, 375 F. Supp. 3d 280, 340 (E.D.N.Y. 2019) (the administrative record initially submitted by the agency is "not necessarily" the whole administrative record).[2] In the alternative, we respectfully submit that the government should be precluded from offering any factual justification for the application of Section 212(a)(3)(C) to Mr. Ahmed beyond the facts set forth in their public statements, as well as our complaint and opening brief. *See* ECF 1, ECF 10. This limitation, of course, would not preclude Defendants from moving to dismiss the complaint on legal grounds.

---

[2] Once we have the administrative record, we will endeavor to make a prompt determination as to whether we believe that any additional discovery or an evidentiary hearing on our request for a preliminary injunction would be warranted.

                                          Respectfully submitted,

                                          */s/ Roberta A. Kaplan*

                                          Roberta A. Kaplan

cc:    Counsel of Record (via ECF)