

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 22, 2026

**VIA ECF**
Hon. Loretta A. Preska
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

      Re: *Imran Ahmed v. Marco Rubio, et al.*, 25 Civ. 10705 (LAP)

Dear Judge Preska:

      This Office represents the Defendants (the "Government") in the above-referenced action brought by Plaintiff Imran Ahmed ("Plaintiff"). We write respectfully to request that the Court reconsider its Order entered earlier today, ECF No. 32, ordering the Government to produce the administrative record by February 6, 2026, because the production of the administrative record at this juncture in the case is premature.

      As the Court is aware, Plaintiff filed a motion on January 16, 2026, requesting that the Court "direct Defendants to produce the administrative record" by January 23, 2026. ECF No. 31. Because Plaintiff failed to comply with Local Rule 37.1 before filing its motion, the Government construed the motion as filed pursuant to Your Honor's Individual Practices 2.A., which would make the Government's deadline to respond to the motion today, three business days after Plaintiff filed its letter motion. The Government thus intended to file its opposition to Plaintiff's motion this evening, and respectfully requests that the Court reconsider its Order granting Plaintiff's motion in light of the arguments set forth below.

      Plaintiff's motion for discovery should be denied as premature. In this district, there is no set deadline for the Government to produce the administrative record in a case involving the Administrative Procedure Act ("APA"), although typically it is filed with the Court after the Government responds to the Complaint, which is due sixty days following service. Here, the parties have agreed to a briefing schedule for the Government's response to Plaintiff's preliminary injunction motion and its motion to dismiss the Complaint, and the Government's papers are due January 30, 2026. Plaintiff's request that the administrative record be produced before the Government has had an opportunity to respond to the Complaint amounts to a request for "expedited discovery," which is unwarranted in this case.

      "[C]ourts in the Second Circuit apply two tests to determine whether expedited discovery is appropriate." *TushBaby, Inc. v. Jinjang Kangbersi Trade Co. Ltd.*, No. 24 Civ. 6150 (JMF), 2024 WL 4627452, at *10 (S.D.N.Y. Oct. 30, 2024). The first is a flexible "reasonableness" and

"good cause" standard.  *See id.*; *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007).  The second is the four-factor test articulated in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), which requires the party seeking expedited discovery to demonstrate "'(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.'"  *TushBaby,* 2024 WL 4627452, at *10 (quoting *Notaro,* 95 F.R.D. at 405).  This Court need not resolve which test to apply because Plaintiff's request for expedited discovery satisfies neither standard as the Government intends to move to dismiss on threshold jurisdictional issues that are not implicated by the administrative record.

      First, the Government intends to move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is not proper in the Southern District of New York.  According to the Complaint, Plaintiff resides in Washington, DC, and the relevant decision-makers, including the Secretary of State, are all located in DC.  The only alleged nexus to the Southern District of New York is that Plaintiff is allegedly present in New York (or was present in New York at the time the Complaint was filed).  That is insufficient to establish venue pursuant to 28 U.S.C. § 1391(e).  If this Court lacks venue and the case gets dismissed, Plaintiff would not be entitled to proceed with any discovery.

      In addition, the Government intends to move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction over the claims pursuant to the provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252.  Because the requested administrative record has no bearing on these threshold jurisdictional issues, Plaintiff has not established any good cause for expedited discovery.  *See, e.g.*, *In re United States*, 583 U.S. 29, 32-33 (2017); *Ragbir v. Homan*, No. 18 Civ. 1159 (PKC), 2018 WL 11365231, at *2 (S.D.N.Y. Mar. 26, 2018) (denying motion for expedited discovery in First Amendment challenge to removal where government had filed motion to dismiss for lack of subject matter jurisdiction).

      The Supreme Court's decision in *In re United States* is instructive.  In that case, the district court ordered the government to complete the administrative record by turning over a broad swath of documents regarding the government's decision to rescind the Deferred Action for Childhood Arrivals ("DACA") program, including "all materials actually seen or considered, however briefly, by Acting Secretary [Elaine] Duke in connection with the potential or actual decision to rescind DACA."  *Id.,* 583 U.S. at 31.  However, the government had raised a "threshold argument[] . . . that the Immigration and Nationality Act deprives the District Court of jurisdiction."  *Id.* at 32.  Finding that "[this] argument[], if accepted, likely would eliminate the need for the District Court to examine a complete administrative record," *id.*, the Supreme Court ruled that the order should have been stayed, *id*.  So too here.

      If the Court accepts the Government's argument that the INA deprives the Court of jurisdiction, then the Government will not be required to produce any administrative record.  The Court therefore should wait to consider any application for the administrate record until the

2

jurisdictional question is resolved.  *Id.*; *Ragbir*, 2018 WL 11365231, at *2 (denying plaintiffs' application for expedited discovery which "would result in the Court [] putting the cart before the horse").

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s/ *Dana Walsh Kumar*
      DANA WALSH KUMAR
      DANIELLE J. MARRYSHOW
      Assistant United States Attorneys
      Tel: (212) 637-2741/2689
      Email: dana.walsh.kumar@usdoj.gov
             danielle.marryshow@usdoj.gov

cc: Counsel of Record