```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| IMRAN AHMED,<br><br>                    Plaintiff,<br><br>-against-<br><br>MARCO RUBIO, in his official capacity as Secretary of State, et al.,<br><br>                    Defendants. | No. 25-CV-10705 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Defendants (the "Government") move for the Court to reconsider its order directing the Government to produce the administrative record ("A.R.") by February 6, 2026.  (See dkt. no. 33.)  The Government argues that Plaintiff has, in essence, asked for expedited discovery and the Court should wait to consider any application for the A.R. until the forthcoming motion to dismiss is resolved.  (See dkt. no. 33.)

The Court of Appeals "has yet to articulate a standard for determining whether to allow expedited discovery . . . ." Leslie v. Starbucks Corp., 2024 WL 2186232, at *5 n.8 (2d Cir. May 15, 2024) (summary order) (citation omitted).  While some courts apply a multifactor test, which considers the movant's probability of success on the merits and the risk of injury to parties, recently courts have applied "a more flexible 'good cause' or 'reasonableness' standard."  In re Keurig Green Mt.

Single-Serve Coffee Antitrust Litig., 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014) (collecting cases). This test "requires a district court to examine the request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" Id. (quoting Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)).

Applying this test, Plaintiff's request is reasonable, given the circumstances.

The A.R. will assist in the resolution of Plaintiff's motion for a preliminary injunction, for which Plaintiff, "by a clear showing, carries the burden of persuasion." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). While the Government argues that producing the A.R. before resolution of the forthcoming motion to dismiss is premature, this Court has previously required the Government to produce the A.R. before the parties have briefed a motion for a preliminary injunction or a motion to dismiss. See, e.g., Am. Fed'n of Gov't Emps. v. U.S. Off. of Pers. Mgmt., 786 F. Supp. 3d 647, 659-60 (S.D.N.Y. 2025) (before defendants moved to dismiss); New York v. U.S. Dep't of Health & Hum. Servs., 414 F. Supp. 3d 475, 511 (S.D.N.Y. 2019) (before briefing on preliminary injunction motion).

In addition, unlike In re United States, here Plaintiff seeks the record of an agency action allegedly directed at him, an individual. Cf. In re United States, 583 U.S. 29, 31 (2017) (vacating an expedited discovery order requiring production of "overly broad" administrative record related to the decision to terminate a nationwide program).

For the forgoing reasons, the Government's motion for the Court to reconsider its order directing the Government to produce the A.R. by February 6, 2026, is DENIED.

Accordingly, the Government shall produce the A.R. to Plaintiff and file a certified list of the contents of the A.R. with the Court by February 6, 2026. If the Government is unable to meet this deadline, the Government shall file a letter with the Court identifying the outstanding portions of the A.R. and explaining the reasons for the delay.

**SO ORDERED.**

Dated:   February 2, 2026
         New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge

3