

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

February 23, 2026

**BY CM/ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

Re:   *Ahmed v. Rubio, et al.*, No. 25 Civ. 10705 (LAP)

Dear Judge Preska:

Pursuant to Rule 2.A of Your Honor's Individual Practices, we write to request a pre-motion conference on our anticipated motion to consolidate the hearing on Plaintiff's preliminary injunction motion (ECF 8) with trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2).

First and most importantly, Defendants have told us that they do *not* intend to defend the legality of their actions when responding to Mr. Ahmed's preliminary injunction motion, and that they will instead choose to address the merits only later in subsequent summary judgment briefing. Such a two-step approach would be extremely inefficient since it would require the Court to resolve two rounds of briefing on the same claims and issues.[1] Rather than give Defendants "two bites at the apple," the Court should advance trial on the merits under Rule 65(a)(2), which gives Your Honor "'broad discretion' to order consolidation." *MasterCard Inc. v. Fed'n Internationale*, 464 F. Supp. 2d 246, 299 (S.D.N.Y. 2006) (Preska, J.)

---

[1] Defendants will focus their forthcoming briefing on jurisdiction and venue, despite having been invited by the Court to raise these issues at the January 5 conference and failing to do so. *See* ECF 16; Tr. of Jan. 5, 2026 Conf. at 5:5-6.

(quoting *Abraham Zion Corp. v. Lebow,* 761 F.2d 93, 101 (2d Cir. 1985)); *see also Trump v. Comm. on Oversight & Reform*, 380 F. Supp. 3d 76, 88 (D.D.C. 2019) (ordering consolidation because "the court can discern no benefit from an additional round of legal arguments") (citation omitted).

Consolidation is particularly appropriate here given that this case turns on whether Defendants may invoke 8 U.S.C. § 1227(a)(4)(C) (the "Foreign Policy Ground") based on Mr. Ahmed and his non-profit's advocacy regarding the content moderation policies and practices of major social media platforms. *See Rona v. Trump*, 797 F. Supp. 3d 278, 281 (S.D.N.Y. 2025) (ordering consolidation in First Amendment challenge to federal government policy); 11A Wright & Miller's Federal Practice & Procedure § 2950 n.6 (3d ed.) ("Civil-rights cases especially are suitable for simultaneous development under Rule 65(a)(2).").

And the record in this case reveals that there are very few factual issues left to be decided. *New York v. Noem*, 2025 WL 2939119, at *4 (S.D.N.Y. Oct. 16, 2025) (ordering consolidation given "paucity of relevant factual issues" in challenge to federal reallocation of counter-terrorism funding away from New York City). Defendant Sarah Rogers has publicly claimed that Mr. Ahmed was "SANCTIONED" because he was a "key collaborator with the Biden Administration's effort to weaponize the government against U.S. citizens." ECF 11-1. Likewise, the administrative record makes it clear that Defendants targeted Mr. Ahmed because he has "advocated for foreign regulatory action that negatively impacts American companies and citizens, and has been involved in efforts to pressure U.S. companies to restrict speech of Americans and demonetize disfavored American media sources." ECF 42 at 6.

The Government has argued in other cases involving the Foreign Policy Ground and presumably will argue again here that judicial review should be limited to the administrative record, which has already been produced. *Chung v. Trump*, No. 25 Civ. 2412 (NRB) (S.D.N.Y. Apr. 14, 2025), ECF 36 at 4.[2] But that does not (and cannot) mean that the Court must accept the "factual" claims in the 10-page

---

[2] The parties met and conferred on February 11 concerning certain deficiencies in the administrative record, and Defendants agreed to revert with their position on those deficiencies. After Mr. Ahmed followed up on February 19 and February 23, Defendants stated that they will respond by February 27.

administrative record as true.  For example, we obviously have a right to contest assertions like the one that our client "advocated for foreign regulatory action that negatively impacts" Americans.  *See AAUP v. Rubio*, 802 F. Supp. 3d 120 (D. Mass. 2025) (holding bench trial on claims government violated the First Amendment and APA in using Foreign Policy Ground to punish protected speech).

There is yet another reason why expedited resolution makes sense.  Defendants have said that they will argue in their motion to dismiss that this Court lacks jurisdiction because, under their interpretation of the Immigration and Nationality Act, Mr. Ahmed may only challenge the Foreign Policy Ground at the conclusion of any removal proceedings in a petition for review to the Court of Appeals.  But that argument has already been considered and rejected by the Second Circuit.  *See Mahdawi v. Trump*, 136 F.4th 443, 450-53 (2d Cir. 2025); *see also Öztürk v. Hyde*, 155 F.4th 187, 209-10 (2d Cir. 2025) (Nathan, J., joined by Lee, Robinson, Pérez, Merriam, and Kahn, JJ., concurring in denial of rehearing en banc).  Defendants' reliance on an argument which is foreclosed by Second Circuit precedent, and their obvious reluctance to defend the legality of their actions on the merits, reinforces that there is no reason to delay or prolong the entry of final judgment in our client's favor.

In keeping with the need for efficiency, we expect that the bench trial in this action would last no more than one day since we plan to call only three witnesses: (1) Imran Ahmed; (2) Sarah Rogers; and (3) an expert familiar with the history of the Foreign Policy Ground.  We further intend to seek only limited additional discovery.[3]  Of course, we would plan to work with Defendants to propose appropriate deadlines for the pre-trial filings contemplated by Your Honor's Individual Rules.

Finally, we informed Defendants on February 19 of our desire to consolidate the upcoming preliminary injunction hearing with trial.  Defendants have informed us that consolidation would be inappropriate because this is an APA case.  But not

---

[3] We requested on February 11 that Defendants produce their communications with Mr. Elon Musk and X Corp. concerning the "SANCTION" imposed on Mr. Ahmed, given that Mr. Musk and X Corp. are referenced a dozen times across the ten-page administrative record.  *See generally* ECF 42.  We also told Defendants about our plan to serve no more than ten Requests for Admission to limit open issues for trial.

only has Mr. Ahmed brought First Amendment and other constitutional claims, ECF 43 ¶¶ 96-122, Rule 65(a)(2) applies to APA claims in any event. *See, e.g.*, *Noem*, 2025 WL 2939119, at *7 (ordering consolidation on APA claim); *Pereira v. DOJ*, 2016 WL 2745850, at *12 (S.D.N.Y. May 11, 2016) (same).

Respectfully submitted,

Roberta A. Kaplan

cc:   Counsel of Record (via ECF)