

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<div style="font-style: italic">86 Chambers Street<br>New York, New York 10007</div>

February 25, 2026

**VIA ECF**
Hon. Loretta A. Preska
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

    Re: *Imran Ahmed v. Marco Rubio, et al.*, 25 Civ. 10705 (LAP)

Dear Judge Preska:

  This Office represents the Defendants (the "Government") in the above-referenced action brought by Plaintiff Imran Ahmed ("Plaintiff"). We write respectfully in response to Plaintiff's letter motion for a pre-motion conference requesting consolidation of his preliminary injunction motion with a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2) (Dkt. No. 44) ("Ltr."). For the reasons below, the Court should deny Plaintiff's contemplated motion.

  Plaintiff is not entitled to a trial under the Administrative Procedure Act ("APA"). The Second Circuit "has recognized that review under the APA is 'narrow, limited to examining the administrative record.'" *United States v. Int'l Bhd. of Teamsters*, No. 88 Civ. 4486 (LAP), 2007 WL 4563420, at *2 (S.D.N.Y. Dec. 27, 2007) (quoting *NDRC v. Muszynski*, 268 F.3d 91, 97 (2d Cir. 2001)). In reviewing the agency action here, "this Court functions as a court of appeal, not as a factfinder, and [Plaintiff] is therefore not at liberty to submit new evidence" that was not before the agency. *Id.* (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985)). "When courts review agency action under the APA, the question presented is purely a legal one, which the district court can resolve on a motion for summary judgment." *Hadwan v. U.S. Dep't of State*, No. 17 Civ. 578 (VEC), 2021 WL 4037714, at *3 (S.D.N.Y. Sept. 3, 2021). In other words, "[t]he Court must consider the reasonableness of an agency action based on the record in existence at the time of the decision; it will not engage in an evidentiary hearing or a de novo review." *United States v. Dist. Council of N.Y.C.*, 311 F. Supp. 3d 638, 642 (S.D.N.Y. 2018) (citation omitted). For that reason, Plaintiff's assertion that there are *any* factual issues that need to be decided in the context of a trial—which would apparently include testimony of witnesses and additional discovery—is unavailing. *See* Ltr. 2-3.[1] Plaintiff's claims should be resolved by the Court through summary judgment motions at the appropriate juncture.

---

[1] Plaintiff's asserted constitutional claims do not urge a contrary conclusion because "when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record, that challenge must be judged on the record before the agency." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018).

Even if Plaintiff were entitled to a trial, Plaintiff's request is premature. The Government intends to move to dismiss the complaint and oppose Plaintiff's motion for a preliminary injunction on two separate grounds.[2] First, the Government intends to argue that the case should be dismissed (or, at minimum, transferred to the District Court for the District of Columbia) because there is no venue in this district. Plaintiff resides in Washington, D.C., all but one of the defendants in this action reside in Washington, D.C., and the only agency determination challenged in this lawsuit was made in Washington, D.C. *See* Dkt. No. 43 ("Am. Compl.") ¶¶ 8-13. Plaintiff's allegations that he happened to be in this district at the time of the filing of his complaint and amended complaint, that he is "frequently present in New York," that his lawyers are located in New York, and simply naming the Acting Field Office Director of ICE's New York Field Office as a defendant, is insufficient to establish venue here. *Id.* ¶¶ 14, 17-19; *see Gulf Ins. Co v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("[F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." (emphasis in original)).

Second, this Court lacks subject matter jurisdiction over the claims. As the Third Circuit recently held in *Khalil v. President, United States*, 8 U.S.C. § 1252 strips district courts of jurisdiction to review "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States." 164 F.4th 259, 273 (3d Cir. 2026) (quoting 8 U.S.C. § 1252(b)(9)). Khalil, precisely like Plaintiff, "challenge[d] a broad array of alleged government misconduct under the First and Fifth Amendments, as well as the [APA] and *Accardi v. Shaughnessy*." *Id.* at 276. The Third Circuit held that because "addressing any of those claims would require deciding whether removing Khalil would be unlawful[,] the very issue decided through the [Petition for Review] process," the district court lacked subject matter jurisdiction over the action. *Id.* Plaintiff's assertion that this argument has been "foreclosed by Second Circuit precedent," is wrong. Ltr. 3. The case that Plaintiff cites for that proposition, *Mahdawi v. Trump*, held that the district court had subject matter jurisdiction over Mahdawi's claims brought in his habeas petition alleging that his "*detention* . . . violate[d] his rights under the Constitution," because they were "independent of, and collateral to, the removal process." 136 F.4th 443, 450-51 (2d Cir. 2025) (emphasis in original). In that case, the court was clear that there was a "distinction between detention and removal," because "[w]hile challenges to *removal* can be heard in a petition for review . . . , the same is not true of constitutional challenges to *detention* like those raised by Mahdawi." *Id.* at 452 (emphasis in original). Plaintiff is not detained and there is no habeas petition before this Court. Accordingly, *Madawi* has no bearing on this case.[3]

This Court must decide at least one of these threshold issues prior to reaching the merits of Plaintiff's claims. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431-32 (2007). Rather than expend judicial resources on resolving disputes with respect to Plaintiff's discovery demands and holding a bench trial, *see* Ltr. 3, the Court should resolve the Government's forthcoming motion to dismiss first. If this case survives, the Court can then determine whether

---

[2] The deadline for this submission is March 13, 2026. Dkt. No. 40.
[3] The other case cited by Plaintiff, *Öztürk v. Hyde*, also concerned a habeas petition challenging the petitioner's detention on constitutional grounds. *See* 136 F.4th 382, 400 (2d Cir. 2025).

Plaintiff has met his burden to demonstrate the extraordinary circumstances that would allow for discovery and a trial in an APA case.

    We thank the Court for its consideration of this submission.

                                                Respectfully submitted,

                                                JAY CLAYTON
                                                United States Attorney

By:    */s/ Danielle J. Marryshow*
        DANA WALSH KUMAR
        DANIELLE J. MARRYSHOW
        Assistant United States Attorneys
        Tel: (212) 637-2741/2689
        Email: dana.walsh.kumar@usdoj.gov
                    danielle.marryshow@usdoj.gov

cc: Counsel of Record (by ECF)