

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

February 26, 2026

**BY CM/ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

  Re: *Ahmed v. Rubio, et al.*, No. 25 Civ. 10705 (LAP)

Dear Judge Preska:

  We write in brief response to Defendants' letter dated February 25, 2026 opposing our request to consolidate the preliminary injunction hearing with trial. ECF 45 ("Ltr.").

  First, there is no real question that this Court may hold a trial on the merits to resolve Plaintiff's APA and constitutional claims, or that the Court may consolidate the preliminary injunction hearing with trial. *See* ECF 44 at 2, 4 (collecting cases). None of Defendants' cases involve consolidation or injunctive relief. *See* Ltr. at 1.

  Second, there is nothing "premature" about Plaintiff presenting his merits case now—or about requiring Defendants to justify their actions. Ltr. at 2.[1] Even if Defendants' venue/jurisdiction objections had any force (they do not), that would not be a reason to prolong the cloud of uncertainty over Plaintiff's legal status, especially in a case that raises First Amendment claims. *See* Fed. R. Civ. P. 1 (courts should "secure the just, speedy, and inexpensive determination of every action").

---

[1] If Defendants would like more time on their opposition, we are happy to work with them on an extension.

Defendants can present their venue/jurisdiction arguments alongside their defense—if any—on the merits, and the Court can, and respectfully should, address all of those issues at a single hearing.  Indeed, the fact that Defendants' jurisdictional argument is predicated on a Third Circuit decision that *explicitly split* with binding Second Circuit precedent on the scope of 8 U.S.C. § 1252(b)(9) is all the more reason to prevent delay.  *Khalil v. President*, 164 F.4th 259, 279 (3d Cir. 2026).[2]

Third, while Defendants take issue with the evidence we intend to offer, that is a different question from whether the Court should advance consideration of the merits.  *Cf. Smirnov v. Clinton*, 806 F. Supp. 2d 1, 21 n.16 (D.D.C. 2011).  In any event, the Court is not "limited" to the administrative record, even on the APA claim,[3] and may consider:

> ***Plaintiff.***  Testimony by Plaintiff in support of his "claims of irreparable harm and claims that the issuance of the injunction is in the public interest."  *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360, 369 n.7 (D.D.C. 2017) (cleaned up).

> ***Expert Witness.***  Supplemental expert testimony regarding the Government's past practices under the Foreign Policy Ground "to help the court better understand the issues involved" and "evaluate … whether [the] agency deviated from established agency practices."  *New York v. Dep't of Com.*, 351 F. Supp. 3d 502, 633 (S.D.N.Y.), *aff'd in relevant part*, 588 U.S. 752 (2019).

> ***Defendant Rogers.***  Although the issue is not yet ripe, Plaintiff will seek Defendant Rogers's testimony on the real reason why he was "sanctioned" and the

---

[2] That Mahdawi and Öztürk were in custody as the result of ongoing removal proceedings only reinforces the conclusion that 8 U.S.C. § 1252(b)(9) does not apply here, where Defendants have not initiated removal proceedings.  *Contra* Ltr. at 2.  In any event, Plaintiff has also sought relief from detention.  *See* ECF 14 (enjoining Defendants "from arresting or detaining the Plaintiff").  Defendants' venue argument fails out of the gate because they do not deny that venue is proper under 28 U.S.C. § 1391(e)(1)(A).  *See* Ltr. at 2; ECF 43 ¶ 16.

[3] Even if Plaintiff's constitutional claims were subject to the "whole record" rule, *see Roman Cath. v. Sebelius*, 987 F. Supp. 2d 232, n.5 (E.D.N.Y. 2013), "the presence of a constitutional claim makes it all the more imperative that the record be completed."  *Authors Guild v. Nat'l Endowment*, 2025 WL 3678097, at *14 (S.D.N.Y. Dec. 18, 2025).

nature of X Corp.'s involvement in that decision. *See* ECF 43 ¶¶ 49-71 (documenting Defendants' shifting explanations); *New York v. Dep't of Com.*, 339 F. Supp. 3d 144, 149 (S.D.N.Y. 2018) (ordering deposition of AAG for Civil Rights).

*   *   *

Put simply, this is no ordinary APA case involving ordinary agency action. The Government has never before invoked the Foreign Policy Ground to advance the interests of an American company and punish speech critical of that company. And the administrative record produced so far raises significant questions as to X Corp.'s involvement: Defendant Rogers's 3-page Action Memo mentions the company 9 times. Plaintiff should be permitted to put forward evidence on these extraordinary circumstances.

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc:   Counsel of Record (via ECF)