# CLARK SMITH VILLAZOR

Clark Smith Villazor LLP
666 Third Avenue, 21st Floor
New York, New York 10017
www.csvllp.com

CHRISTOPHER J. CLARK
D: 212.377.0853
clark@csvllp.com

April 8, 2026

BY CM/ECF

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Imran Ahmed v. Rubio, et al.*, No. 25 Civ. 10705 (LAP)

Pursuant to Rule 2.A of Your Honor's Individual Practices, we write on behalf of Plaintiff Imran Ahmed to respectfully request a scheduling conference at the Court's earliest convenience, in advance of any hearing (ECF 8).

As we anticipated (ECF 44), in opposing Mr. Ahmed's motion for a preliminary injunction, the Government has not offered any actual defense for its actions on the merits. Instead, it has elected to argue only that the Court lacks jurisdiction or venue over this case. ECF 49 ("Opposition"). As a result, the parties are currently looking at two rounds of duplicative briefing and possibly two hearings, presumably with discovery motion practice in the interim.

While the Government has not said why it refuses to defend the merits at this stage and seeks to avoid related discovery motion practice on that basis, the reason to us is apparent. The Government has no legal justification for retaliating against Mr. Ahmed for engaging in First Amendment protected speech—whatever the stage of the case. And perhaps even more importantly, the Government is using this litigation itself to *further retaliate* against Mr. Ahmed by prolonging the chilling effects of its actions, which extend not just to Mr. Ahmed but to the Center for Countering Digital Hate ("CCDH"), whose speech the Government has targeted. *See, e.g.*, *Dombrowski v. Pfister*, 380 U.S. 479, 487 (1965) ("The chilling effect upon the exercise of First Amendment rights may derive from the fact of the prosecution, unaffected by the prospects of its success or failure.").

April 8, 2026
Page 2

Relying on its refusal to defend the merits of its actions at the preliminary injunction stage, the Government has repeatedly refused to engage in discovery.[1] But that is not how the rules of procedure work. Unless the Government is ready to stipulate that Mr. Ahmed has demonstrated a likelihood of success on the merits of his claims, Mr. Ahmed retains the burden of persuasion. *See Seijas v. Republic of Argentina*, 352 F. App'x 519, 521 (2d Cir. 2009). And if he has that burden, then Mr. Ahmed should be entitled to seek discovery now, in advance of any preliminary injunction hearing.

More fundamentally, however, there is no reason for the Government's two-stage approach. Indeed, the Government has taken the position that no discovery will ever be proper because this Court's review is "limited to examining the administrative record." ECF 45 at 1. But that record was filed on February 6, 2026, ECF 32 (ordering the Government to produce the record); ECF 41 (ordering the Government again), and by its own admission, the Government had everything it needed to address the merits in its Opposition, in order to permit the Court to provide guidance to the parties on their respective rights.

The Government cannot have it both ways. If the Administrative Record is enough for the Court to decide the merits, then there is no need for the parties to brief duplicative preliminary injunction and summary judgment motions—the Court should order consolidation and proceed directly to final judgment under Rule 65(a)(2). *See* ECF 44; *see also D.L. Cromwell Invs., Inc. v. NASD Regul., Inc.*, 279 F.3d 155, 160 (2d Cir. 2002) (party opposing consolidation "must point to some relevant evidence that it was prevented from presenting … because of the consolidation"). If, on the other hand, Mr. Ahmed will be forced to wait for summary judgment, then the Court should direct the Government to engage in discovery now to avoid any further unnecessary delay. Defendants cannot refuse to produce merits-based discovery necessary for Mr. Ahmed to prosecute his claims and still leave open the door to raise merits-based arguments down the line at a time of Defendants' choosing.

---

[1] The only discovery the Government has produced in this case thus far is the Administrative Record, which it produced pursuant to a Court order. ECF 42. The Government has refused to consider Mr. Ahmed's limited discovery requests—including requests for the production of documents between Defendants and X Corp., proposed requests for admission, and testimony from Defendant Sarah Rogers—until *after* the Court resolves the present round of briefing. *See* Exs. 1, 2.

CLARK SMITH VILLAZOR

April 8, 2026
Page 3

  Either way, it is time for the Government to either stipulate that it will not contest the merits at any stage, or for the Court to proceed to set a scheduling order so Mr. Ahmed can seek discovery (preferably, as we have argued, based on consolidation). Each day that Mr. Ahmed remains under threat of immediate arrest and detention imposes a distinct burden. Accordingly, we respectfully request that the Court schedule a case management conference and set a discovery schedule.

      Respectfully submitted,

      /s/ *Christopher J. Clark*

cc: Counsel of Record (via ECF)

CLARK SMITH VILLAZOR