**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 13, 2026

**VIA ECF**
Hon. Loretta A. Preska
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re: *Imran Ahmed v. Marco Rubio, et al.*, 25 Civ. 10705 (LAP)

Dear Judge Preska:

This Office represents the Defendants (the "Government") in the above-referenced action brought by Plaintiff Imran Ahmed ("Plaintiff"). We write respectfully in response to Plaintiff's letter motion requesting a scheduling conference and for the Court to set a discovery schedule (Dkt. No. 51) ("Ltr."). For the reasons below, the Court should deny Plaintiff's request for a conference and defer any motion practice regarding discovery until after the pending motion to dismiss and motion for a preliminary injunction are resolved.

On March 13, 2026, the Government moved to dismiss the Amended Complaint and opposed Plaintiff's motion for a preliminary injunction. Dkt. Nos. 48-50. On April 10, 2026, Plaintiff opposed the Government's motion and submitted a reply in further support of his motion for a preliminary injunction. Dkt. Nos. 54-55. The Government's reply in support of its motion to dismiss is currently due on April 22, 2026, at which time both motions will be fully briefed. As the Government has made clear from the outset, the basis of the Government's opposition to the preliminary injunction motion and its motion to dismiss is that the Court lacks both venue and subject matter jurisdiction over the claims asserted in the Amended Complaint. It is well-established that a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) . . . ." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 43 (2007). Because it is the Government's position that this Court lacks both venue and subject-matter jurisdiction over the claims asserted, the Court should decide these threshold issues prior to proceeding to rule on the merits of the case and/or resolve any discovery disputes that may arise in connection with litigating the merits of the claims. The arguments raised by the Government in response are legal issues that do not rely on the administrative record in the case nor do they implicate any additional discovery sought by Plaintiff.

Deciding the threshold issues raised by the Government first is the most efficient use of the Court's and parties' resources, and would not result in "duplicative" briefing as Plaintiff argues, Ltr. at 1, as the issues are plainly distinct. The Court can decide the venue and jurisdictional issues

raised without need for further briefing or discovery.  If the Court denies the Government's motion to dismiss and/or enters a preliminary injunction, the parties can then litigate any disputes regarding discovery and proceed with summary judgment as anticipated by the Federal Rules and the Administrative Procedure Act ("APA").[1]  Indeed, even if Plaintiff were entitled to discovery, it is typical to stay discovery (to the extent additional discovery is warranted) in a case "where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay."  *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).  Here, there is plainly good cause as Government has filed a dispositive motion raising threshold jurisdictional defects in the Amended Complaint and the issues are raised in the context of a preliminary injunction.  *Cf. Ragbir v. Homan*, No. 18 Civ. 1159 (PKC), ECF No. 70 (Order) (S.D.N.Y. Mar. 26, 2018) (denying plaintiffs' request for leave to conduct expedited discovery in support of preliminary injunction motion, relying on *In re United States* and stating that the plaintiffs' request for discovery "would result in the Court similarly putting the cart before the horse," because the government had argued that the court lacked subject matter jurisdiction).  Nor is Plaintiff prejudiced by this outcome, as the parties have stipulated that the Temporary Restraining Order ("TRO") entered on December 25, 2026 is extended and shall remain in full force and effect during the pendency of Plaintiff's motion for a preliminary injunction.  *See* Dkt. Nos. 24, 40.[2]  Moreover, in an APA case, review is ordinarily based on the administrative record, which has already been produced here, and there is no discovery.  *See, e.g.*, *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012) ("[T]his case entails review of agency action under the APA. And, in such review, the standard discovery tools of civil litigation—including depositions, interrogatories, and, germane here, wide-ranging document production of materials that may potentially lead to admissible evidence—do not apply.").  Thus, there is especially good reason not to expend resources on litigating extra-record discovery when a dispositive motion is pending.

For these reasons and to conserve judicial and party resources, Plaintiff's request for a discovery schedule should be denied and any discovery disputes can be addressed in due course should the case survive the Government's pending motion to dismiss.  We thank the Court for its consideration of this submission.

---

[1] As explained in the Government's response to Plaintiff's request to consolidate any hearing on Plaintiff's preliminary injunction motion with trial on the merits, Plaintiff is not entitled to a trial under the APA, and "review under the APA is 'narrow, limited to examining the administrative record.'"  *United States v. Int'l Bhd. of Teamsters*, No. 88 Civ. 4486 (LAP), 2007 WL 4563420, at *2 (S.D.N.Y. Dec. 27, 2007) (quoting *NDRC v. Muszynski*, 268 F.3d 91, 97 (2d Cir. 2001)).  *See* Dkt. No. 45 at 1.  If Plaintiff decides to seek leave for discovery, he may do so if the Court denies the Government's motion to dismiss.  Litigating these issues now merely unnecessarily expends judicial and party resources when the case may be resolved by the pending motion practice.

[2] Plaintiff's claim that he is currently "under threat of immediate arrest and detention," Ltr. at 3, is unfounded as the TRO enjoins the Government from arresting or detaining Plaintiff.  *See* Dkt. Nos. 24, 40.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:  */s/ Danielle J. Marryshow*
DANA WALSH KUMAR
DANIELLE J. MARRYSHOW
Assistant United States Attorneys
Tel: (212) 637-2741/2689
Email: dana.walsh.kumar@usdoj.gov
        danielle.marryshow@usdoj.gov

cc: Counsel of Record (by ECF)

3