**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IMRAN AHMED,

                Plaintiff,

                   -v-

MARCO RUBIO, *et al.*,

                Defendants.

No. 25 Civ. 10705 (LAP)

# REPLY MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANTS' MOTION TO DISMISS

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2741/2689
Email:  dana.walsh.kumar@usdoj.gov
          danielle.marryshow@usdoj.gov

DANA WALSH KUMAR
DANIELLE J. MARRYSHOW
Assistant United States Attorneys
– Of Counsel –

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ........................................................................................................ 1

I.      Venue Is Not Proper in This District ................................................................................. 2

II.     The Court Lacks Subject Matter Jurisdiction Over This Action ....................................... 5

        A.      8 U.S.C. § 1252(g) Bars Plaintiff's Attempt to Challenge His Removability ........ 5

        B.      8 U.S.C. §§ 1252(a)(5) and (b)(9) Channel All of Plaintiff's Challenges to the
                Courts of Appeals .................................................................................................... 7

        C.      Plaintiff's Amended Complaint Suffers from Other Defects .............................. 10

CONCLUSION............................................................................................................................. 11

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ajlani v. Chertoff,*
    545 F.3d 229 (2d Cir. 2008)...................................................................................................... 8

*Ali v. Barr,*
    464 F. Supp. 3d 549 (S.D.N.Y. 2020)...................................................................................... 8

*Baker v. Carr,*
    369 U.S. 186 (1962)................................................................................................................ 11

*Bello-Reyes v. Gaynor,*
    985 F.3d 696 (9th Cir. 2021) .................................................................................................. 6

*Che v. Edlow,*
    No. 24 Civ. 2793 (MKV), 2025 WL 2695283 (S.D.N.Y. Sept. 22, 2025)................................ 3

*Delgado v. Quarantillo,*
    643 F.3d 52 (2d Cir. 2011)...................................................................................................... 5

*Farez-Espinoza v. Chertoff,*
    600 F. Supp. 2d 488 (S.D.N.Y. 2009)...................................................................................... 4

*Gross v. German Foundation Indus. Initiative,*
    456 F.3d 363 (3d Cir. 2006)................................................................................................... 10

*Ho v. Greene,*
    204 F.3d 1045 (10th Cir. 2000) .............................................................................................. 6

*Jennings v. Rodriguez,*
    583 U.S. 281 (2018)................................................................................................................. 8

*Jiang Jinghon v. Sessions,*
    321 F. Supp. 3d 332 (E.D.N.Y. 2018) ..................................................................................... 3

*Khalil v. President, United States,*
    164 F.4th 259 (3d Cir. 2026) .................................................................................................. 9

*Kong v. United States,*
    62 F.4th 608 (1st Cir. 2023)..................................................................................................... 6

*Mahdawi v. Trump,*
    136 F.4th 443 (2d Cir. 2025) ........................................................................................... 6, 7, 8

*Monsalvo v. Bondi*,
   604 U.S. 712 (2025).................................................................................................. 8

*Öztürk v. Hyde*,
   136 F.4th 382 (2d Cir. 2025) .......................................................................... 6, 8, 9

*Parra v. Perryman*,
   172 F.3d 954 (7th Cir. 1999) ................................................................................. 6

*Reno v. American-Arab Anti-Discrimination Committee*,
   525 U.S. 471 (1999)............................................................................................. 5, 7

*Reuben H. Donnelley Corp. v. F.T.C.*,
   580 F.2d 264 (7th Cir. 1978) ................................................................................. 4

*Seepersad v. Sessions*,
   892 F.3d 121 (2d Cir. 2018)................................................................................. 10

*Tarros S.p.A. v. United States*,
   982 F. Supp. 2d 325 (S.D.N.Y. 2013).................................................................. 10

*767 Third Ave. Assocs. v. Consulate General of Socialist Federal Republic of Yugoslavia*,
   218 F.3d 152 (2d Cir. 2000)................................................................................. 11

*Vasquez v. Garland*,
   80 F.4th 422 (2d Cir. 2023) ................................................................................. 10

*Yearwood v. Barr*,
   391 F. Supp. 3d 255 (S.D.N.Y. 2019).................................................................... 5

*Zadvydas v. Underdown*,
   185 F.3d 279 (5th Cir. 1999) ................................................................................. 6

*Zhislin v. Reno*,
   195 F.3d 810 (6th Cir. 1999) ................................................................................. 6

**Statutes**

8 U.S.C. § 1229(a)(1)..................................................................................................... 6

8 U.S.C. § 1252(a)(5)................................................................................................. 7, 8

8 U.S.C. § 1252(b)(9) .................................................................................................... 7

8 U.S.C. § 1252(g) ........................................................................................................ 5

28 U.S.C. § 1391(e)(1)(B) ......................................................................................... 2, 3

Defendants,[1] by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint, Dkt. No. 43 ("AC"), or alternatively transfer the action, pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The Complaint should be dismissed because venue is not proper in the Southern District of New York and because the Court lacks subject matter jurisdiction over the claims asserted. All of the relevant conduct at issue in this case has taken place in Washington, D.C., where Plaintiff resides. In opposition, Plaintiff attempts to establish venue here by claiming that because Plaintiff came to New York to work with his attorney and file the lawsuit, those events establish venue. They do not. Plaintiff cannot establish venue simply by traveling to a chosen forum and then claiming that he is subject to detention by Government officials there. Nor can Plaintiff establish venue by naming a Government official in Plaintiff's chosen forum as a defendant.

Moreover, this Court lacks subject-matter jurisdiction over this action because, despite Plaintiff's attempt to characterize this action as a challenge to a potential future detention, he ultimately seeks an order from this Court that would render him no longer removable. Congress has unambiguously stripped federal district courts of jurisdiction over challenges to the commencement of removal proceedings and mandated that all challenges to an alien's removal be brought only upon the conclusion of removal proceedings and in the appropriate court of appeals through a petition for review. Plaintiff may not circumvent that congressionally mandated process

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Attorney General Todd Blanche is automatically substituted as a party for former Attorney General Pamela Bondi and Secretary Markwayne Mullin automatically substituted as a party for former Secretary Kristi Noem.

by mischaracterizing his claims.  Accordingly, the Court should either transfer this action to the U.S. District Court for the District of Columbia or dismiss it altogether.

## I.    Venue Is Not Proper in This District

This case should be dismissed pursuant to Rule 12(b)(3) because venue is improper in this district, or transferred to the U.S. District Court for the District of Columbia.  As explained in the Government's opening brief, all of the conduct relevant to the claims took place in Washington, D.C., and none of the relevant allegations have any connection to this district.  Accordingly, Plaintiff cannot establish venue pursuant to 28 U.S.C. § 1391(e)(1)(B).  Dkt. No. 49 ("MTD") at 7-10.  Plaintiff is correct that venue "turns on the facts giving rise to the claims as they existed when Plaintiff filed suit."  Dkt. No. 54 ("Opp.") at 16.  Those facts, however, plainly show that at the time Plaintiff filed this lawsuit, venue was not proper in this district.

Plaintiff does not dispute that the conduct he is challenging in this action took place in Washington, D.C., where Plaintiff resides.  *See* Dkt. No. 55 ("Ahmed Decl.") ¶ 2.  Instead, Plaintiff implausibly claims that the Government's actions "created an imminent and concrete risk to Plaintiff's liberty in New York City."  Opp. at 16-17.  But this assertion is contradicted by Plaintiff's own declaration, which shows that the possibility of a risk to Plaintiff's liberty in New York City existed only because Plaintiff decided to travel from his home in Washington to New York for the purpose of consulting with his attorney and filing this lawsuit.  *See* Ahmed Decl. ¶ 3; *see also* Opp. at 2 (plaintiff "came to New York to seek emergency relief to prevent [certain] actions from occurring").  His decision to do so does not create a connection between the "events or omissions giving rise to the claim," 28 U.S.C. § 1391(e)(1)(B), *i.e.*, the Government's actions in Washington, and New York City.  The only reason there is *any* connection to New York at all is because Plaintiff decided to travel to New York because that is where his "long-time counsel is

2

located and principally practices." *Id.* But the location of a litigant's preferred counsel is plainly

not a proper basis for establishing venue, nor does Plaintiff cite any support for such a proposition.[2]

*See Feng Chen on behalf of Jiang Jinghon v. Sessions*, 321 F. Supp. 3d 332, 336 (E.D.N.Y. 2018).

Plaintiff also argues that because he seeks an order enjoining arrest, detention, and transfer

from this district, those allegations "establish a direct nexus between this forum and the threatened

enforcement consequences of Defendants' actions."  Opp. at 17.  This argument similarly fails

because the only nexus to New York is that Plaintiff decided to go to New York to file this lawsuit

and occasionally travels to New York for business or to visit friends.  *See* Ahmed Decl. ¶¶ 3-8, 10.

Accepting Plaintiff's argument—that venue can be established in any district where the

Government might take enforcement action because a plaintiff happens to be there—would strip

all meaning from the venue statute and its requirement that a substantial part of the events giving

rise to the claims must have occurred in the district. 28 U.S.C. § 1391(e)(1)(B); *see Che v. Edlow*,

No. 24 Civ. 2793 (MKV), 2025 WL 2695283, at *3 (S.D.N.Y. Sept. 22, 2025) (courts should take

the adjective "substantial" seriously).  Here, no substantial events related to the claims have taken

place in New York, except to the extent Plaintiff has attempted to manufacture venue by traveling

to New York to discuss the litigation with his lawyer or spend time in New York for unrelated

---

[2] Plaintiff's argument also fails to address the fact that one of Plaintiff's other attorneys, Norman Eisen, who signed the original complaint on December 24, 2025, Dkt. No. 1, is admitted to the bar in Washington, D.C., and was subsequently admitted *pro hac vice* to this Court, Dkt No. 22.  Not only does the complaint fail to support a basis for venue in the Southern District of New York, but Plaintiff's arguments about being forced to file a suit in this district are belied by the fact that he was already represented by counsel capable of litigating in the U.S. District Court for the District of Columbia.

purposes.[3]  Venue is thus not proper here under § 1391(e)(1)(B).[4]

Nor has Plaintiff established venue under § 1391(e)(1)(a) by simply naming an ICE official located in New York as a defendant.  Plaintiff argues that because Judith Almodovar is named as a defendant, that is sufficient to establish venue.  Opp. at 20-21.  This is not so.  If the Court accepts Plaintiff's argument,  naming any Government official as a defendant in a complaint, however far removed from the conduct underlying the claims, would be sufficient to establish venue in the district where the official is located.  That is not the law.  *Cf. Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978) ("The venue statute was not intended to permit forum-shopping, by suing a federal official wherever he could be found, or permitting test cases far from the site of the actual controversy.") (citations omitted).   The Complaint fails to allege any unlawful conduct by Almodovar and merely names her as a defendant in the case because Plaintiff believes ICE's New York office might take enforcement action when Plaintiff happens to be in New York City.  This is insufficient to establish venue under § 1391(e)(1)(a).

Accordingly, because the Complaint fails to establish venue, the case should be dismissed or transferred to the U.S. District Court for the District of Columbia.

---

[3] Plaintiff cites *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488, 496 (S.D.N.Y. 2009) in support of his claim that venue is proper in this district.  But *Farez-Espinoza* is inapposite because the case involved a habeas petition, and moreover, the court found that the "key events" leading up to the petitioner's detention all took place in the Southern District of New York.  *Id.* No such facts exist here, where the only connection to New York is due to Plaintiff's travels and his speculation that key events leading to detention might occur in this district.

[4] Plaintiff cites news articles and press statements in support of his claim that enforcement action in New York is not merely speculative.  Opp. at 18-19.  But these articles, which are unrelated to Plaintiff and the allegations of this case, are insufficient to support venue here where there is no evidence of enforcement action against Plaintiff in New York.  *See* Dkt. No. 50, Joyce Decl. ¶ 7.

4

## II.    The Court Lacks Subject Matter Jurisdiction Over This Action

### A.    8 U.S.C. § 1252(g) Bars Plaintiff's Attempt to Challenge His Removability

As set forth in the Government's opening brief, regardless of framing, 8 U.S.C. § 1252(g) bars Plaintiff's challenges to the Government's decision to charge him with removability because it arises "from the decision [and] action" to "commence proceedings."  *See* MTD at 12-17.  By its plain terms, § 1252(g) eliminates district court jurisdiction over claims attacking decisions or actions to commence removal proceedings.  Congress spoke clearly, emphatically, and repeatedly, providing that "no court" has jurisdiction over "any cause or claim" arising from the commencement of removal proceedings, "notwithstanding any other provision of law," whether "statutory or nonstatutory."  8 U.S.C. § 1252(g).  As the Supreme Court explained in *Reno v. American-Arab Anti-Discrimination Committee* ("*AADC*"), § 1252(g) was "designed to give some measure of protection" to discretionary decisions regarding the commencement of removal proceedings: Congress provided that if those decisions "are reviewable at all, they at least will not be made the bases for separate rounds of judicial intervention outside the streamlined process that Congress has designed."  525 U.S. 471, 485 (1999).  In short, § 1252(g) was designed, and has been interpreted by the Supreme Court, to preclude precisely the type of lawsuit now before this Court.

Plaintiff argues that he is not challenging the commencement of removal proceedings, but rather his "arrest, detention, and transfer" and so § 1252(g) does not apply.  *See* Opp. at 4-8.  But "[t]he Second Circuit Court of Appeals explained that 'whether the district court has jurisdiction will turn on the substance of the relief that a [plaintiff] is seeking.'"  *Yearwood v. Barr*, 391 F. Supp. 3d 255, 263 (S.D.N.Y. 2019) (quoting *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir.

2011).  Here, the primary effect of the relief Plaintiff seeks in this suit would be to prevent the government from commencing removal proceedings against him.[5]

Plaintiff cites several cases for the proposition that challenges to detention fall outside of the jurisdiction-stripping provisions of § 1252(g), but he omits one key distinguishing fact—all of those cases involved plaintiffs or petitioners who had *already been detained* and were seeking to be released from detention via a habeas petition or seeking damages associated with their allegedly unlawful detention.  *See Öztürk v. Hyde*, 136 F.4th 382, 388 (2d Cir. 2025) (habeas); *Mahdawi v. Trump*, 136 F.4th 443, 447-448 (2d Cir. 2025) (habeas); *Kong v. United States*, 62 F.4th 608, 610 (1st Cir. 2023) (tort action "seeking compensation for harms caused by his arrest and detention"); *Bello-Reyes v. Gaynor*, 985 F.3d 696, 698-699 (9th Cir. 2021) (habeas); *Ho v. Greene*, 204 F.3d 1045, 1049-1050 (10th Cir. 2000) (habeas); *Parra v. Perryman*, 172 F.3d 954, 956 (7th Cir. 1999) (habeas); *Zadvydas v. Underdown*, 185 F.3d 279, 284 (5th Cir. 1999) (habeas); *Zhislin v. Reno*, 195 F.3d 810, 811 (6th Cir. 1999) (habeas).

Plaintiff relies on *Mahdawi* to distinguish *AADC* from this action, *see* Opp. at 8, but *Mahdawi* only underscores the Government's position in this case.  Precisely like the *AADC* respondents, Plaintiff's "claims . . . [fall] within [the] jurisdictional bar because" he, through the vacatur of the Rubio Determination, seeks "to prevent the initiation of deportation proceedings,"

---

[5] For example, by vacating the Rubio Declaration, *see* AC ¶¶ 117-118, Plaintiff would no longer be removable, as his removability is premised on the Secretary of State's determination that his presence or activities are harmful to U.S. foreign policy.  *See* 8 U.S.C. § 1227(a)(4)(C)(i).  Similarly, a ruling that the "Foreign Policy Ground"—8 U.S.C. § 1227(a)(4)(C)(i)—is unconstitutional, *see* AC ¶¶ 107-115, 120-122, would also withdraw the legal grounds for his removability.  Relatedly, a declaration that it would be unlawful for DHS to arrest and detain Plaintiff in the future, *see* AC Prayer for Relief (viii)—even for the purposes of serving a notice to appear—would necessarily prevent DHS from commencing removal proceedings against him.  *See* 8 U.S.C. § 1229(a)(1) (requiring service of the notice to appear on the alien in order to initiate removal proceedings).

and the claims in this case do not "sound in unlawful *detention* at all." *Mahdawi*, 136 F.4th at 451 (quoting *AADC*, 525 U.S. at 474); *see also* AC ¶ 91 ("[T]he invocation of any ground of deportability for Mr. Ahmed's protected speech is unconstitutional."); *id.* ¶ 118 (asserting that "[t]he Secretary of State's personal determination that Mr. Ahmed's protected past, current, or expected speech . . . may form a basis to deport him" violates the APA).[6]  Plaintiff cites no authority for the proposition that so long as a plaintiff invokes the specter of potential detention, he can circumvent § 1252(g)'s jurisdictional bar.  Plaintiff cannot avoid the reach of § 1252(g) by characterizing his claims as something they are not.

> **B.    8 U.S.C. §§ 1252(a)(5) and (b)(9) Channel All of Plaintiff's Challenges to the Courts of Appeals**

As set forth in the Government's opening brief, 8 U.S.C. §§ 1252(a)(5) and (b)(9) divest this Court of jurisdiction over Plaintiff's claims, which are all, at bottom, challenges to his removal. These provisions strip district courts of jurisdiction to review actions taken or proceedings brought to remove aliens from the United States, and channel such challenges to the courts of appeals.  *See* MTD at 17-21.   Section 1252(b)(9) is an "unmistakable 'zipper' clause" that "channels judicial review of *all* [claims arising from removal proceedings]" to a court of appeals in the first instance. *AADC*, 525 U.S. at 482-83.  Plaintiff's claims are squarely covered by the plain text of § 1252(b)(9) because they challenge an "action taken . . . to remove an alien from the United States."  8 U.S.C. § 1252(b)(9).

---

[6] The circumstances here do not fall into a potential exception for "outrageous" conduct.  Plaintiff makes no arguments regarding why the allegedly unconstitutional conduct here is any more "outrageous" than the claims brought by the *AADC* respondents and that the Supreme Court rejected. *See* Opp. at 9.

First, the fact that Plaintiff does not currently have a final removal order does not render § 1252(b)(9) inapplicable. *See* Opp. at 9-10. Section 1252 requires an alien to exhaust all issues first in immigration court and at the BIA, and then once subject to a final removal order, he or she may seek judicial review of any legal, constitutional, or factual question in the court of appeals through a petition for review. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9); *see also Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008); *Ali v. Barr*, 464 F. Supp. 3d 549, 557-58 (S.D.N.Y. 2020) (applying § 1252(b)(9) where aliens were in ongoing removal proceedings); *accord Monsalvo v. Bondi*, 604 U.S. 712, 723 (2025) ("Section 1252 permits individuals to petition for judicial review of 'final orders of removal' and indicates that those petitions supply the *exclusive* means for securing '[j]udicial review of all questions of law.'" (emphasis added)). That is the process that Congress has devised, and Plaintiff cannot circumvent it. Allowing Plaintiff's claims to proceed in district court would welcome the precise front-end district court litigation that the provisions in § 1252 were designed to stop.

Nor are *Öztürk* and *Mahdawi* to the contrary. Plaintiff points to *Mahdawi*'s expressed concern that "[c]onstruing an *independent* constitutional challenge to detention as necessarily implying a challenge to removal would lead to . . . an 'absurd' result," because "'[b]y the time a final order of removal [is] eventually entered'—if it ever is entered—the allegedly wrongful detention will have already occurred." *Mahdawi*, 136 F.4th at 452-53 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018)) (final alteration in original) (emphasis added); *see also* Opp. at 9-10. But there is no wrongful detention at issue in this case because Plaintiff is not detained, nor has Plaintiff mounted any independent challenge to his prospective detention. Indeed, the Second Circuit specifically noted in *Öztürk* that the petitioner's "unlawful detention claims may be resolved without affecting pending removal proceedings," because "[s]he asserts that the

8

government arrested and detained her to prevent speech with which it disagrees." *Öztürk*, 136 F.4th at 399-400. Stressing that "whether the district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking," the *Öztürk* court found that it had jurisdiction because "Öztürk seeks release from detention." *Id.* In contrast, while Plaintiff claims that he merely "seeks immediate injunctive relief from unconstitutional detention," that is belied by his complaint. Plaintiff explicitly seeks relief that, if granted, would render him no longer removable. *See supra* note 4. These are precisely the claims that Congress intended to be channeled, following the administrative process, to the courts of appeals.

Plaintiff's attempt to distinguish the Third Circuit's opinion in *Khalil v. President* is unpersuasive. Plaintiff's contention that the Third Circuit's reasoning in *Khalil* is inconsistent with the Second Circuit caselaw looking to the substance of relief sought to determine whether subject-matter jurisdiction exists, *see* Opp. at 12, is inaccurate. Indeed, the Third Circuit held that the detention-specific claims in *Khalil* failed because they "just repackage[d] his challenges to his removal. In essence, he argue[d] that his detention [was] impermissible retaliation and unlawful because it depend[ed] on the unconstitutionally vague foreign policy ground." *Khalil v. President, United States*, 164 F.4th 259, 277 (3d Cir. 2026). But because the Third Circuit "judge[s] pleadings not by their labels, but by their substance," it held that the petitioner could not "plead around § 1252(b)(9) by calling his challenge to removal a challenge to his detention." *Id.*[7]

Finally, contrary to Plaintiff's assertion, *see* Opp. at 13-14, he would be able to press his First Amendment claims challenging his removability following any removal proceedings. Courts,

---

[7] Plaintiff also argues that *Khalil* is distinguishable because there was a final order of removal at the time of the Third Circuit's opinion. *See* Opp. at 12. There was not. *See Khalil*, 164 F.4th at 281 (Freeman, *J.*, dissenting) ("Because Khalil does not have a final order of removal and raises now-or-never claims, the District Court's jurisdiction is sound.").

through the petition-for-review process, routinely review and consider constitutional claims that could not be resolved by an immigration judge. *See, e.g.*, *Vasquez v. Garland*, 80 F.4th 422 (2d Cir. 2023) (considering alien's due process challenge to removal statute); *Seepersad v. Sessions*, 892 F.3d 121 (2d Cir. 2018) (considering alien's equal protection challenge to removability). Because all of Plaintiff's claims can be brought via a petition for review following any final order of removal, this Court lacks subject-matter jurisdiction over his claims.[8]

### C.    Plaintiff's Amended Complaint Suffers from Other Defects

As the Government explained in its opening brief, Plaintiff's claims suffer from other fatal jurisdictional defects. *See* MTD at 22-24. As an initial matter, as explained in detail above, Plaintiff may not bring APA claims because he has an adequate remedy at law—the petition for review process. *See supra* p. 7-10.

In addition, Plaintiff's arguments that his claims are not barred by the political question doctrine are unpersuasive. Plaintiff's claims sit at the intersection of two issues textually committed to the political branches of the government: (1) foreign affairs, and (2) immigration policy. Despite his protestations to the contrary, Plaintiff is asking this Court to "displac[e] the Executive in its foreign policy making role," *Gross v. German Foundation Indus. Initiative*, 456 F.3d 363, 389-90 (3d Cir. 2006), and to find that the Secretary of State "acted unreasonably under the circumstances," *Tarros S.p.A. v. United States*, 982 F. Supp. 2d 325, 333 (S.D.N.Y. 2013). But second-guessing of this type of exercise of discretion is what the political question doctrine is

---

[8] Similarly, Plaintiff's focus on his claims challenging an alleged policy and the Rubio Declaration do not confer jurisdiction on this Court. *See* Opp. at 13-15. Plaintiff argues that such actions are independent of an action or decision to commence removal proceedings. However, as explained in detail above, *see supra* p. 5-7, the substance of his claims on this score is to render Plaintiff no longer removable.

meant to prevent.  *See, e.g.*, *Baker v. Carr*, 369 U.S. 186, 217 (1962); *767 Third Ave. Assocs. v. Consulate General of Socialist Federal Republic of Yugoslavia*, 218 F.3d 152, 160 (2d Cir. 2000).

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Government's moving brief, the Court should dismiss Plaintiff's complaint, or, in the alternative, transfer this case to the U.S. District Court for the District of Columbia.

Dated: May 6, 2026
     New York, New York

                Respectfully submitted,

                JAY CLAYTON
                United States Attorney

By:    */s/ Dana Walsh Kumar*
        DANA WALSH KUMAR
        DANIELLE J. MARRYSHOW
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.:   (212) 637-2741/2689
        Email: dana.walsh.kumar@usdoj.gov
              danielle.marryshow@usdoj.gov

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the undersigned counsel hereby certifies that this memorandum contains 3,467 words.