

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

May 13, 2026

**BY CM/ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

   *Re:* *Imran Ahmed v. Rubio, et al.*, No. 25 Civ. 10705 (LAP)

Dear Judge Preska:

On behalf of Plaintiff Imran Ahmed, we write to notify the Court of certain supplemental authorities that are relevant to issues currently pending before the Court in connection with Mr. Ahmed's motion for a preliminary injunction and the Government's motion to dismiss.  ECF 10; ECF 45; ECF 49.

First, while the Government has argued before Your Honor that Secretary Rubio's Section 1227(a)(4)(C) determination is unreviewable because it is a decision to "commence" a removal proceeding, ECF 49 at 12-14; ECF 60 at 5-6 & n.5, the Government opposition papers dated April 23, 2026 in *Coalition for Independent Technology Research v. Rubio, et al.*, No. 26 Civ. 815 (D.D.C.) ("*CITR*"), indicate otherwise.  *See* **Exhibit A**.  In *CITR*, the Government argued that "the Secretary of State's determination that a noncitizen is deportable[] does not necessarily mean that the noncitizen will be removed from the United States," since "[t]hose are merely grounds for removability that the Department of Homeland Security [] may assert in formal removal proceedings in immigration court."  *Id.* at 5.  As a result, according to the Government, "the Secretary of State's determination that a noncitizen is deportable" is unreviewable because "decisions to initiate removal proceedings are

ultimately made by the Department of Homeland Security, not the Department of State." *Id.* at 5, 29-30.[1]

Not only is the Government's argument in *CITR* inconsistent with Defendants' arguments here, but the Government's argument in *CITR* confirms why Your Honor has jurisdiction over this case. After all, the logical consequence of the Government's theory in *CITR* is that Plaintiff will be forced to live under a seemingly permanent cloud imposed by Secretary Rubio's Section 1227(a)(4)(C) determination until Defendants decide, anywhere and at any moment, to detain him and begin removal proceedings. ECF 54 at 11. But, as Judge McMahon just observed on May 7 in a case presenting an APA challenge to DOGE's efforts to withdraw NEH grants, "constitutional challenges enjoy a strong presumption of reviewability." *Am. Council of Learned Societies, et al. v. Nat'l Endowment for the Humanities, et al.*, 2026 WL 1256545, at *25 (S.D.N.Y. May 7, 2026) ("*NEH*"), **Exhibit B.**

Plaintiff's concerns in this regard are hardly hypothetical. On April 9, 2026, the Board of Immigration Appeals ("BIA") entered a final order in Mahmoud Khalil's removal proceeding brought under 8 U.S.C. § 1227(a)(4)(C). While the Government has argued here that Mr. Ahmed "may request that an immigration judge determine whether he is properly subject to removal under 8 U.S.C. § 1227(a)(4)," ECF 49 at 25, that is not what happened in the Khalil case where the BIA rejected the notion that a respondent in a removal proceeding may challenge their designation under Section 1227(a)(4)(C), *see* **Exhibit C** at 3, 5-6. Similarly, on April 29, 2026, the BIA entered a final order in Mohsen Mahdawi's removal proceeding, refusing to "question or evaluate the validity or reasonableness of the

---

[1] While the Government has resisted presenting a merits defense before Your Honor, *see, e.g.*, ECF 45 at 2, it apparently had no difficulty doing so in *CITR*, where it has argued that Secretary Rubio's policy of targeting noncitizens on the basis of their speech is lawful under the "facially legitimate and bona fide justification" test. Ex. A at 12 (citing *Dep't of State v. Munoz*, 602 U.S. 899 (2024)). But, as Judge McMahon noted in *NEH*, "[a]t bottom, 'the First Amendment envisions the United States as a rich and complex place where all persons are free to think and speak as they wish, not as the government demands.'" Ex. B at *54 (quoting *303 Creative LLC v. Elenis*, 600 U.S. 570, 603 (2023)).

Secretary's foreign policy determination." **Exhibit D** at 5-6.  As the Second Circuit recently noted in a decision dated April 28, 2026, however, courts should "greet assertions of extravagant statutory power" by the Government in the immigration context "with skepticism." *Da Cunha v. Freden*, __ F.4th __, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) (Bianco, J.), **Exhibit E**.

Respectfully submitted,

Roberta A. Kaplan

cc:    Counsel of Record (via CM/ECF)

3