# EXHIBIT C





**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Van Der Hout, Marc**
**Van Der Hout, LLP**
**360 Post Street  Suite 800**
**San Francisco  CA  94108**

**DHS/ICE Office of Chief Counsel - JNA**
**PO Box 410**
**Trout LA 71371**

**Name: KHALIL, MAHMOUD**                                    **A**

**Date of this Notice: 04/09/2026**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam: Docket



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**KHALIL, MAHMOUD**
████████████████
███████
████████████████

**DHS/ICE Office of Chief Counsel - JNA**
**PO Box 410**
**Trout LA 71371**

**Name: KHALIL, MAHMOUD**                    ████████████

**Date of this Notice: 04/09/2026**

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam: <u>Docket</u>

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

---

MATTER OF:

Mahmoud KHALIL, ██████████

Respondent

---

<div style="border:1px solid">

**FILED**

Apr 09, 2026

</div>

ON BEHALF OF RESPONDENT:  Marc Van Der Hout, Esquire

ON BEHALF OF DHS:  Numa Metoyer, Deputy Chief Counsel

IN REMOVAL PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Jena, LA

Before: Malphrus, Chief Appellate Immigration Judge; Gemoets, Appellate Immigration Judge;
Hunsucker, Appellate Immigration Judge

Opinion by Chief Appellate Immigration Judge Malphrus

MALPHRUS, Chief Appellate Immigration Judge

The respondent, a native of Syria and a citizen of Algeria, appeals from an Immigration Judge's September 12, 2025, decision denying his application for a waiver under section 237(a)(1)(H) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(H). In addition, the respondent has filed a motion to remand to consider previously unavailable evidence. The Department of Homeland Security ("DHS") opposes the appeal and motion. The appeal will be dismissed, and the motion will be denied.

We review the Immigration Judge's factual findings for clear error. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

Procedural History

The record contains a letter in which Secretary of State Marco Rubio determined that the respondent is removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), because his presence in the United States would have potentially serious adverse foreign policy consequences and would compromise a compelling United States foreign policy interest based on his participation and role "in antisemitic protests and disruptive activities which fosters a hostile environment for Jewish students in the United States" (Exh.7). DHS initiated removal proceedings against the respondent, charging him with removability pursuant to section 237(a)(4)(C)(i) of the INA based on Secretary Rubio's letter (Exh. 1).  DHS subsequently amended the Form I-862, Notice to Appear ("NTA") to include an additional charge of removability under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A), and alleging that the respondent made three willful misrepresentations in his Form I-485, Application to Register

████████

Permanent Residence or Adjust Status that he signed on March 26, 2024, and filed with U.S. Citizenship and Immigration Services ("USCIS") (Exh. 2).

On June 11, 2025, a United States District Court judge issued a preliminary injunction enjoining the agency from seeking to remove the respondent based on Secretary Rubio's determination. *Khalil v. Trump*, 786 F.Supp.3d 871, 880 (D.N.J. 2025). Nevertheless, on June 20, 2025, the Immigration Judge sustained both charges of removability (IJ June 20, 2025, at 4-9). With respect to both Algeria and Syria, the Immigration Judge concluded that the respondent had not shown eligibility for asylum under section 208 of the INA, 8 U.S.C. § 1158; withholding of removal pursuant to section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); and protection under the regulations implementing the Convention Against Torture ("CAT")[1] (IJ June 20, 2025, at 20-32).

The District Court judge, having been requested to clarify the previous June 11, 2025, preliminary injunctive order, directed that "the immigration judge [] promptly vacate or amend her June 20 decision to the extent it finds the [respondent] removable" based on the section 237(a)(4)(C)(i) charge. *Khalil v. Trump*, 2025 WL 1983755, *1 (D.N.J. July 17, 2025). The judge stated that the Immigration Judge was not required to revisit her determinations concerning the respondent's eligibility for asylum. *Id.* at *2. Thus, on July 31, 2025, the Immigration Judge vacated her April 11, 2025, oral finding of removability under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i) (Exh. 51).

In the September 12, 2025, decision from which the respondent appeals, the Immigration Judge incorporated her June 20, 2025, decision by reference (IJ Sep. 12, 2025, at 1). The Immigration Judge further concluded that the respondent had not established eligibility for a waiver under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), and alternatively that he does not merit a waiver in the exercise of discretion (IJ Sep. 12, 2025, at 4-7). *See* 8 C.F.R. § 1240.8(d).

The United States Court of Appeals for the Third Circuit thereafter vacated the preliminary injunction and remanded the record to the District Court judge. *Khalil v. President, United States*, 164 F.4th 259, 281 (3d Cir. 2026). While the respondent asserts that he is pursuing a petition for rehearing or rehearing en banc (Respondent's Reply to DHS' Br. at 3-4; Respondent's Mot. to Remand at 9), he presents no evidence that such a petition has been filed, much less granted. *See, e.g., Matter of Mariscal-Hernandez*, 28 I&N Dec. 666, 673 (BIA 2022); *Matter of J.J. Rodriguez*, 27 I&N Dec. 762, 765-66 (BIA 2020). We thus reject the respondent's

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c)-1208.18.

███████

assertion that consideration of Secretary Rubio's determination continues to be enjoined. Each of the Immigration Judge's dispositive rulings on removability and eligibility for relief and protection from removal are currently subject to review by the Board.[2]

<u>Section 237(a)(4)(C)(i) charge</u>[3]

The Immigration Judge was correct in ruling that Secretary Rubio's letter is presumptive and sufficient evidence that the respondent is removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), and DHS is not required to present additional evidence of removability (IJ June 20, 2025, at 4). *Matter of Ruiz-Massieu*, 22 I&N Dec. 833, 842 (BIA 1999). In enacting the INA, Congress assigned the Secretary of State unilateral judgment regarding adverse foreign policy consequences (IJ June 20, 2025, at 4). We affirm the Immigration Judge's determination that she was obligated to apply section 237(a)(4)(C)(i) of the INA as written (IJ June 20, 2025, at 4).

As "the Secretary of State's determination . . . is equivalent to a duly-certified record of criminal conviction by a state or federal court[,]" we affirm the Immigration Judge's conclusion that procedural notice requirements are satisfied once the respondent is notified that the basis for the charge is a determination by the Secretary of State under the authority granted by Congress (IJ June 20, 2025, at 4). *See Matter of Ruiz-Massieu*, 22 I&N Dec. at 844. If we looked behind the facially valid basis for the letter from the Secrtary of State, it "would necessarily require the Immigration Judge and this Board to intrude into the realm of foreign policy." Id. at 844. But "[t]here is no indication that Congress contemplated an Immigration Judge, or even the Attorney General, overruling the Secretary of State on a question of foreign policy." *Id.* at 845. We therefore affirm the Immigration Judge's conclusion that DHS established the respondent's removability under section 237(a)(4)(C) of the INA, 8 U.S.C. § 1227(a)(4)(C), by clear and convincing evidence through submission of Secretary Rubio's letter (IJ June 20, 2025, at 4-5; Exh. 7). *See* 8 C.F.R. § 1240.8(d).[4]

---

[2] While the Immigration Judge vacated her April 11, 2025, oral finding that the respondent is removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), she found the respondent removable under that section in her June 20, 2025, and September 12, 2025, written decisions (Exh. 51). *See Khalil v. President, United States*, 164 F.4th at 276. There is thus no need to remand for the Immigration Judge to make a new removability determination.

[3] The respondent was on notice of *Khalil v. President, United States* and identifies no legal authority establishing that the Third Circuit's decision lacks effect pending the court's ruling on a petition for rehearing or rehearing en banc. The respondent's motion to accept his reply brief is granted, and we have evaluated the arguments raised therein. We therefore deny, as moot, the respondent's motion filed on March 23, 2026, seeking supplemental briefing in the event that the Board rules on the section 237(a)(4)(C)(i) charge.

[4] Contrary to the respondent's claim, in reviewing the Immigration Judge's removability determination, the Board is not bound by statements of Government counsel during the litigation of *Khalil v. President, United States* before the Third Circuit and prior to the Third Circuit's order vacating the preliminary injunction (Respondent's Reply to DHS' Br. at 2-3).

3

▮▮▮▮

<u>Section 237(a)(1)(A) charge</u>

DHS alleged that on a Form I-485 signed by the respondent on March 26, 2024, and mailed on March 29, 2024, "in response to the question at part 8, page 9, [the respondent] failed to disclose that [he was] a member of the United Nations Relief and Works Agency for Palestine Refugees (UNRWA) from June through November 2023 as a political officer" (Exh. 2). DHS thus charged the respondent with removability under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A), because he sought to procure "a visa, other documentation, or admission to the United States, or other benefit provided under the [INA], by fraud or willfully misrepresenting a material fact, under [s]ection 212(a)(6)(C)(i)" of the INA, 8 U.S.C. § 1182(a)(6)(C)(i) (Exh. 2).

The Immigration Judge found, without clear error, that UNRWA is not a membership-based organization (IJ June 20, 2025, at 6; Tr. at 332). While DHS alleged that the respondent failed to disclose that he was a "member" of UNRWA (Exh. 2), the record supports the Immigration Judge's determination that the Form I-485 question underlying the factual allegation asks: "Have you **EVER** been a member of, involved in, or in any way associated with any organization, association, fund, foundation, party, club society, or similar group in the United States or in any other location in the world including military service?" (IJ June 20, 2025, at 6; Exh. 7, Tab A at p. 9 of 20). Given the breadth of this question, contrary to the claim on appeal (Respondent's Br. at 25), the Immigration Judge permissibly found that DHS provided sufficient notice that the respondent was being charged with removability based on a misrepresentation regarding his involvement with UNRWA, regardless of whether he was a "member" of that organization (IJ June 20, 2025, at 6). *See Matter of D-R-*, 25 I&N Dec. 445, 454 (BIA 2011) (providing that Immigration Judges may make factual findings "based on reasonable inferences from direct and circumstantial evidence of the record as a whole"), *remanded on other grounds*, *Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015).

We also disagree with the respondent's contention that the Immigration Judge erred in finding this misrepresentation to be willful and material (Respondent's Br. at 24-28). "A concealment or misrepresentation is material if it has a natural tendency to influence" the decisions of the agency. *Matter of B-Y-*, 25 I&N Dec. 236, 244 (BIA 2010) (quoting *Kungys v. United States*, 485 U.S. 759, 772 (1988)) (internal quotations omitted). The respondent asserts that he was a full-time intern for UNRWA in June 1, 2023, and later continued the internship from September 1, 2023, to November 30, 2023 (IJ June 20, 2025, at 6; Tr. at 330, 340). The respondent testified that he was actually employed by Columbia University who then "lent" him out to UNRWA (Tr. at 332), and he disclosed his employment with Columbia in the Form I-485 (Respondent's Br. at 26; Exh. 7, Tab A at p. 5 of 20). However, the Immigration Judge did not clearly err in finding that the respondent willfully failed to disclose in response to the question at part 8, page 9 of the Form I-485 that he was "involved and associated" with UNRWA for approximately 6 months (IJ June 20, 2025, at 6). The Immigration Judge permissibly found that by omitting his internship with UNRWA, the respondent shut off a line of inquiry that would predictably have disclosed other relevant facts and triggered the need for additional discretionary decision-making by the USCIS officer adjudicating the respondent's Form I-485 (IJ June 20, 2025, at 6, 8). The record supports the Immigration Judge's determination that the respondent

was well-educated on matters of international administration and policy when he completed his Form I-485, given his pursuit of a graduate degree in public administration and international affairs, including an awareness of potential immigration consequences attributable to certain actions (IJ June 20, 2025, at 8, n.1). The Immigration Judge thus permissibly expected the respondent to have disclosed his involvement in UNRWA activities, which predictably could have led an immigration officer to inquire regarding related matters of discretion or security-related grounds of inadmissibility (IJ June 20, 2025, at 8). Although the respondent takes the position that issues identified by the Immigration Judge in his particular case should be determined immaterial, such determinations are delegated to immigration adjudicators who rely on truthful and complete responses to the questions that have been formulated in applications for relief and provide the basis by which to grant discretionary relief. Therefore, we affirm the Immigration Judge's conclusion that DHS established the respondent's removability under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A), by clear and convincing evidence (IJ June 20, 2025, at 8). *See* 8 C.F.R. § 1240.8(a).[5]

## Motion to Remand

The respondent argues that the section 237(a)(1)(A) charge is invalid because DHS brought it in retaliation for his protected First Amendment speech criticizing Israel and the United States' support for Israel's actions in Gaza (Respondent's Br. at 19-23; Respondent's Mot. to Remand at 12-19). The respondent also contends that the Immigration Judge erroneously denied his motions to terminate, to obtain discovery, and to obtain continuances based on claimed violations of his constitutional rights (Respondent's Br. at 13-17). We disagree.

The purpose of removal proceedings is to determine the respondent's removability and eligibility for relief and protection from removal. *See Pereida v. Wilkinson*, 592 U.S. 224, 227 (2021) ("The INA governs how persons are admitted to, and removed from, the United States."). The Immigration Judge properly did so in the decisions issued on June 20, 2025, and September 12, 2025. Aliens in removal proceedings are not entitled to conduct discovery directed toward the records, officers, agents, or employees of DHS, the Department of Justice, or the Department of State. 8 C.F.R. § 1208.12(b); *see also Matter of Benitez*, 19 I&N Dec. 173, 174 (BIA 1984) (recognizing that "the Federal Rules of Civil Procedure are not applicable in deportation proceedings, and there is no requirement that a request for discovery be honored").

---

[5] Because the foregoing misrepresentation is dispositive of section 237(a)(1)(A) removability, we do not reach the respondent's argument that the Immigration Judge erroneously found him removable based on another misrepresentation regarding his involvement in Columbia University Apartheid Divest (IJ June 20, 2025, at 7; Respondent's Br. at 28-30). *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Matter of L-A-C-*, 26 I&N Dec. 516, 526 n.7 (BIA 2015) (declining to reach alternative issues on appeal regarding ineligibility for relief where an applicant is otherwise statutorily ineligible for such relief).

██████

While the respondent is not entitled to discovery, the regulations authorize him to request a subpoena for witnesses or documents. 8 C.F.R. § 1003.35(b)(2). The respondent does not clearly indicate why he sought a subpoena under 8 C.F.R. § 1003.35 and instead frames his argument as a due process challenge (Respondent's Mot. to Remand at 4, 20; Respondent's Br. at 14-15). Although the respondent filed a Motion for Production of Documents (Exh. 9), the motion did not comply with the subpoena requirements of stating in writing what he expects to prove with the evidence and that he made diligent efforts to obtain it. *See* 8 C.F.R. § 1003.35(b)(2). The respondent also has not shown prejudice, considering that DHS filed a Form I-213, Record of Deportable/Inadmissible Alien, and other evidence to support the removal charges (Exh. 7).

We acknowledge the findings of the United States District Court judge specific to the respondent in *Am. Ass'n of Univ. Professors v. Rubio*, 802 F.Supp.3d 120 (D.Mass. 2025), and the evidence discussed in that decision. However, the respondent was not a party to that case, and Immigration Judges and the Board "are bound to follow the precedent of this Board, the Attorney General, and the circuit court of appeals with jurisdiction over the geographic region where a case occurs." *Matter of Garcia*, 28 I&N Dec. 693, 694 (BIA 2023). The evidence from *Am. Ass'n of Univ. Professors* specific to the respondent is now a part of the record and may be evaluated, along with any additional factual development of the record, on review from the administratively final order of removal effectuated by the instant decision. *See Khalil v. President, United States*, 164 F.4th at 279-81. We deny the respondent's motion to remand for the Immigration Judge to consider the evidence presented in the first instance because he has not shown that it is reasonably likely to change the Immigration Judge's rulings concerning his removability and eligibility for relief and protection from removal. *See Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019); *Matter of L-O-G-*, 21 I&N Dec. 413, 419 (BIA 1996).

As the respondent is requesting review of the authority of the Secretary of State to render his opinion and how that opinion was reached, the respondent essentially requests that we look behind the facially valid action of the Secretary of State. The respondent's attempt to veil his objection to the Secretary of State's opinion as a due process claim, where he is ultimately questioning the statutory authorization itself, is unsound. Moreover, the respondent may raise this or any constitutional claim in appealing from an administratively final order of removal. *See Khalil v. President, United States*, 164 F.4th at 276-81.

<div align="center">Section 237(a)(1)(H) Waiver</div>

As the Immigration Judge found, the respondent remains removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), regardless of whether he is granted a section 237(a)(1)(H) waiver (IJ Sep. 12, 2025, at 4). In the interest of completeness, we will review the Immigration Judge's findings relevant to the respondent's waiver application.

We recently overruled the holding in *Matter of Agour*, 26 I&N Dec. 566 (BIA 2015), that an alien's adjustment of status constitutes an "admission" for purposes of the waiver at section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), and clarified that the term "admission" in section 237(a)(1)(H) refers only to an alien's lawful entry into the United States after inspection

<div align="center">6</div>

and authorization by an immigration officer. *Matter of Forjoe*, 29 I&N Dec. 463, 471 (BIA 2026). At the same time, we determined that our ruling would only apply prospectively. *Id.* at 472. We therefore reverse the Immigration Judge's conclusion that the respondent is statutorily ineligible for a section 237(a)(1)(H) waiver (IJ Sep. 12, 2025, at 4-5).

Nevertheless, we are unpersuaded by the respondent's argument that the Immigration Judge erred in alternatively denying a waiver on discretionary grounds (Respondent's Br. at 35-37). At the outset, the record reflects that the Immigration Judge permitted the respondent to submit evidence in support of his application via an order issued on July 30, 2025 (Exhs. 54-56). While the respondent avers that he would have presented more evidence if given more time to do so, he has not shown that such evidence would have materially differed from the evidence he did submit (Respondent's Br. at 33-34). We conclude that the respondent received a full and fair hearing on his waiver application. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).

Determining whether a favorable exercise of discretion is warranted for purposes of a section 237(a)(1)(H) waiver "necessitates a balancing of an alien's undesirability as a permanent resident with the social and human considerations present." *Matter of M-C-C-*, 29 I&N Dec. 401, 406 (BIA 2026) (quoting *Matter of Tijam*, 22 I&N Dec. 408, 412 (BIA 1998)). Relevant adverse factors include "the nature and underlying circumstances of the fraud or misrepresentation involved; the nature, seriousness, and recency of any criminal record; and any other additional evidence of the alien's bad character or undesirability as a lawful permanent resident." *Id.* (quoting *Matter of Tijam*, 22 I&N Dec. at 412). "Favorable factors include 'family ties in the United States; residence of a long duration in this country, particularly where it commenced when the alien was young; evidence of hardship to the alien or his family if deportation occurs; a stable employment history; the existence of property or business ties; evidence of value and service to the community; and other evidence of the alien's good character.'" *Id.* (quoting *Matter of Tijam*, 22 I&N Dec. at 412-13).

The record supports the Immigration Judge's finding that the respondent's equities include his United States citizen wife and son, as well as several supporting declarations (IJ Sep. 12, 2025, at 6). We affirm the Immigration Judge's determination that the negative factor of Secretary Rubio's letter alone outweighs these equities (IJ Sep. 12, 2025, at 6).

Moreover, we affirm the Immigration Judge's conclusion that the respondent's negative factors outweigh his equities even without considering the Secretary of State's letter (IJ Sep. 12, 2025, at 6). The Immigration Judge properly found that while the respondent's family members will experience emotional hardship upon his removal, this is an understandable and commonly raised concern in removal proceedings (IJ Sep. 12, 2025, at 6). The Immigration Judge also permissibly found that the respondent's wife's employment will somewhat lessen the hardship to her and the respondent's son (IJ Sep. 12, 2025, at 6). Additionally, the Immigration Judge permissibly found it significant that the respondent is not a long-time resident of the United States, having entered in December of 2022 to pursue a graduate degree, which he obtained in July of 2025 (IJ Sep. 12, 2025, at 6; Exh. 54, Tab E). The record supports the Immigration Judge's determination that the respondent established no significant property or business ties during his time as a conditional permanent resident of the United States (IJ Sep. 12,

7

2025, at 6). In addition, the Immigration Judge properly considered the foregoing misrepresentation on the respondent's Form I-485 as a negative factor (IJ Sep. 12, 2025, at 7). We therefore affirm the Immigration Judge's denial of the respondent's application for a section 237(a)(1)(H) waiver because he has not shown that a favorable exercise of discretion is in the best interests of the United States (IJ Sep. 12, 2025, at 7).

<div align="center">Relief and Protection from Removal</div>

An alien is barred from asylum if "there are reasonable grounds for regarding the alien as a danger to the security of the United States." INA § 208(b)(2)(A)(iv), 8 U.S.C. § 1158(b)(2)(A)(iv); 8 C.F.R. § 1208.13(c)(1). "[D]anger to the security of the United States" means "a risk to the Nation's defense, foreign relations, or economic interests." *Matter of A-H-*, 23 I&N Dec. 774, 788 (A.G. 2005). We affirm the Immigration Judge's conclusion that DHS demonstrated reasonable grounds to find that the respondent is a danger to national security through submission of Secretary Rubio's letter, which states that the respondent's "activities and presence" in the United States "would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest" based on the respondent's "participation in antisemitic protests and disruptive activities, which fostered a hostile environment for Jewish students in the United States" (IJ June 20, 2025, at 20; Exh. 7). *See id.* at 788-89. The Immigration Judge further properly determined that the respondent failed to demonstrate by a preponderance of the evidence that the national security bar does not apply (IJ June 20, 2025, at 21). *See* 8 C.F.R. § 1240.8(d). We thus affirm the conclusion that the respondent is barred from asylum under section 208(b)(2)(A)(iv) of the INA, 8 U.S.C. § 1158(b)(2)(A)(iv) (IJ June 20, 2025, at 21).[6]

We also are unpersuaded by the respondent's argument that the Immigration Judge erred in alternatively denying his asylum application on the merits (Respondent' Br. at 39-44).



---

[6] We disagree with the respondent's assertion that the Immigration Judge was bound by a preliminary statement suggesting that the bar does not apply to the respondent because he was charged under section 237(a)(4)(C) instead of section 237(a)(4)(B) of the INA (Tr. at 134-35; Respondent's Br. at 37). We review the Immigration Judge's final decision on this issue.

<div align="center">8</div>





Voluntary Departure

Finally, the respondent asserts that a remand is necessary because the Immigration Judge did not determine his eligibility for voluntary departure (Exh. 34 at 1 n.1; Exh. 15; Respondent's Br. at 45). The respondent did not submit evidence and argument pertaining to voluntary departure below, despite being afforded the opportunity to do so. We thus construe the respondent's argument as a motion to remand. Motions to remand are subject to the same requirements as motions to reopen. *See Matter of Coelho*, 20 I&N Dec. 464, 471 (BIA 1992).

10

"A motion to reopen may be denied if the movant fails to make a prima facie showing of eligibility for the relief sought or fails to show entitlement to discretionary relief." *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022) (citing *I.N.S. v. Abudu*, 485 U.S. 94, 104-05 (1988)).  The respondent has not made a prima facie showing that he satisfies the requirements of section 240B(b) of the INA, 8 U.S.C. § 1229c(b), including that he merits voluntary departure in the exercise of discretion (Respondent's Br. at 45). *See Matter of Pinzon*, 26 I&N Dec. 189, 196 (BIA 2013). We therefore deny the respondent's motion to remand to permit him to seek voluntary departure because he has not shown a reasonable likelihood that he will be granted this privilege. *See Matter of L-O-G-*, 21 I&N Dec. at 419 (concluding that an alien must show "a reasonable likelihood that the statutory requirements for the relief sought have been satisfied, and that there is a reasonable likelihood that relief will be granted in the exercise of discretion").

Further, the respondent argues on appeal that he "repeatedly put forth his alternative request for voluntary departure" citing to "Exhibit 15; Exhibit 34 (Written Closing) at n.1" (Respondent's Br. at 45).  This is misleading.  Exhibit 34 is the respondent's written closing argument, where the respondent's counsel asserts that the respondent is statutorily eligible for voluntary departure and would timely comply with such an order (Exh. 34 at 72). In this argument, respondent's counsel cites to Exhibit 15 for the proposition that the respondent "previously reserved the right to seek voluntary departure should it become relevant" (Exhibit 34, page 1, n.1).  However, the respondent points to nowhere in his lengthy proceedings before the Immigration Judge where he attempted to qualify for voluntary departure or presented evidence establishing his eligibility for voluntary departure.  An interest in pursuing voluntary departure does not equate to establishing the necessary elements that, in part, include a respondent's acknowledgment of the intent and means to depart.

To qualify for post-conclusion voluntary departure under section 240B(b) of the INA, 8 U.S.C. § 1229c(b), a respondent must meet the standards set forth at 8 C.F.R. § 1240.26(c)(1), which requires the alien to establish by clear and convincing evidence that he has the means to depart the United States and "the intention to do so." While respondent's counsel asserted in closing argument that the respondent would comply with such an order, statements of counsel are not evidence. *See, e.g., Matter of Mariscal-Hernandez*, 28 I&N Dec. at 673; *Matter of J.J. Rodriguez*, 27 I&N Dec. at 765-66.  Other than in this argument, the only other place in the voluminous record that the respondent claims he indicated a desire for voluntary departure is Exhibit 15, where the respondent stated he "has no intention to leave the country unless and until he is deported.  He reserves the right to seek voluntary departure only as a last resort and as an alternative to all other forms of relief identified here" (Exh. 15, page 2 at n.1). This statement by the respondent is contradictory at best and falls far short of demonstrating by clear and convincing evidence that the respondent intends to depart the United States voluntarily if ordered to do so.

Accordingly, the following order is entered.

ORDER:  The appeal is dismissed, and the motion to remand is denied.

11

NOTICE: If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d; 8 C.F.R. § 280.53(b)(14). Further, any respondent that has been denied admission to, removed from, or has departed the United States while under an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a).