# EXHIBIT D

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

---

MATTER OF:

Mohsen Khader MAHDAWI, A‑███████

Respondent

---

<div style="border: 1px solid black;">

**FILED**

Apr 29, 2026

</div>

ON BEHALF OF RESPONDENT: David A. Isaacson, Esquire

ON BEHALF OF DHS: Lincoln S. Jalelian, Counsel

IN REMOVAL PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Chelmsford, MA

Before: Malphrus, Chief Appellate Immigration Judge; Volkert, Appellate Immigration Judge;
Chaban, Appellate Immigration Judge

Opinion by Chief Appellate Immigration Judge Malphrus

MALPHRUS, Chief Appellate Immigration Judge

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's February 13, 2026, order granting the respondent's motion to terminate proceedings. The respondent cross appealed. Both parties filed appeal briefs. We will sustain DHS' appeal, reinstate these removal proceedings, and remand the record for further proceedings, and issuance of a new decision.

We review findings of fact determined by an Immigration Judge, including credibility findings, under a "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review questions of law, discretion, and judgment, and all other issues in appeals from decisions of Immigration Judges de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

On April 14, 2025, DHS issued a Notice to Appear ("NTA") charging the respondent as removable under section 237(a)(4)(C)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(4)(C)(i). On September 26, 2025, the respondent filed written pleadings that, among other things, denied the removability charge.[1] The respondent's written pleadings indicated he intended to file a motion to terminate, as well as an application for asylum,

---

[1] On October 28, 2025, DHS filed a Form I-261 that amended factual allegations in the NTA but did not add additional charges of removability. On November 17, 2025, the respondent filed supplemental pleadings conceding the new factual allegations in the Form I-261.

A█████████

withholding of removal, and protection under the regulations implementing the Convention Against Torture . [2]

On August 29, 2025, the Immigration Judge issued a scheduling order directing that, among other things, "[i]f the respondent denies removability, DHS shall, within 60 days of the date of this order, file evidence in support of the charge(s) of removability. The respondent shall file any response within 20 days of DHS' filing." (see Aug. 29, 2025, Initial Scheduling Order).

On September 29, 2025, DHS filed an "EARM Record" and Form I-213, and the respondent filed a brief in response (Exhs. 3, 4). On October 28, 2025, DHS filed a second evidentiary submission in support of the removability charge, including a March 15, 2025, "Memorandum for the Secretary of Homeland Security" from Secretary of State Marco Rubio with the subject line of: "(SBU) Determination of Deportability under Section 237(a)(4)(C) of the INA" (hereinafter, "Secretary of State Memorandum") (Exh. 6, Tab D). On November 17, 2025, the respondent filed a response to DHS' October 28, 2025, submission, and a separate motion to terminate, citing the arguments raised in the respondent's two legal briefs filed in response to DHS' evidentiary submissions (Exhs. 7, 9). DHS filed an opposition to the motion to terminate, and on January 5, 2026, the Immigration Judge issued an order denying the motion to terminate without prejudice, on the grounds that "numerous contested issues" warranted a removal hearing (Exh. 10; Jan. 5, 2026, Order). The Immigration Judge's order also provided that DHS should file any evidence it wished the Immigration Judge to consider, and witness lists with declarations, no later than 15 days prior to the hearing, and the respondent should file any response within 10 days (Jan. 5, 2026, Order).

The Immigration Judge scheduled the hearing for February 11, 2026 (*see* Jan. 5, 2026, Notice of Internet-Based Hearing). The respondent filed a witness list with declarations and a legal brief before the February 11, 2026, hearing. At the February 11, 2026, hearing, the Immigration Judge raised the issue of whether DHS had properly authenticated the Secretary of State Memorandum, and the parties provided arguments in response (Tr. at 21-55). At the hearing, and in a separate order, the Immigration Judge denied DHS' oral request for a continuance to file additional documentation in support of the removability charge (Tr. at 41-43; Feb. 11, 2026, Order).

On February 13, 2026, the Immigration Judge issued an order granting the respondent's motion to terminate the removal proceedings without prejudice. The Immigration Judge determined that DHS did not properly authenticate the Secretary of State Memorandum pursuant

---

[2]  The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17; 8 C.F.R. § 1208.18(a) (2020).

A███████

to the requirements of 8 C.F.R. § 287.6(a) and caselaw , and that the Secretary of State Memorandum therefore was inadmissible in these proceedings, and DHS could not rely on it to prove the respondent's removability (*see* Feb. 13, 2026, Order). The Immigration Judge's order also held that the EARM and Form I-213 did not meet DHS' burden of proving the respondent's removability because the documents relied on the unauthenticated Secretary of State Memorandum (*Id.*). As the Immigration Judge determined that DHS did not meet its burden of proving the removability charge under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i), she granted the respondent's motion to terminate without prejudice (*Id.*)

Both parties timely appealed the Immigration Judge's order. DHS contends on appeal that the Immigration Judge erred in holding that the Secretary of State Memorandum was not properly authenticated because the document is self-authenticating (DHS' Br. at 4-9). DHS requests that the Board reverse the Immigration Judge, find the respondent is removable as charged based on the Secretary of State Memorandum, and schedule the case for adjudication of any applications for relief and protection.

The respondent contends that the Immigration Judge erred in failing to terminate these proceedings with prejudice (Respondent's Notice of Appeal, ¶ 6). The respondent argues that the Immigration Judge properly determined that DHS did not authenticate the Secretary of State Memorandum, and it is inadmissible to prove the respondent's removability (Respondent's Br. at 5-14). The respondent also argues that the Board should remand the record for the Immigration Judge to determine whether the Secretary of State Memorandum is complete, given that DHS did not file the attachments cited in the memorandum, or, in the alternative, the Board should find the memorandum to be incomplete, and in violation of the rule of completeness set forth in Federal Rule of Evidence 106 (Respondent's Br. at 15-22). The respondent also contends that the Board should remand the record for the Immigration Judge to address additional legal issues raised by the respondent before the Immigration Judge, including his arguments that INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) does not apply to lawful permanent residents, that INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) does not apply to "lawful statements and associates within the United States," and that INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) is unconstitutional on its face and as applied to the respondent (Respondent's Br. at 23-30).

We will sustain DHS' appeal, reverse the Immigration Judge's February 13, 2026, order, reinstate these proceedings, and remand the record for further proceedings. The Immigration Judge erred in excluding the Secretary of State Memorandum from the record on the grounds that DHS did not properly authenticate the memorandum (IJ, Feb. 13, 2026, order). "In general, the test for admission of evidence in immigration proceedings is simply "whether the evidence is probative and its admission is fundamentally fair." *Matter of J.R. Velasquez*, 25 I&N Dec. 680, 683 (BIA 2012) (citations omitted). "Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure are binding." *Id.* (citations omitted); *see also Yongo v. I.N.S.*, 355 F.3d 27, 30 (1st Cir. 2004) ("The Federal Rules of Evidence do not apply in INS proceedings, *Henry v. INS*, 74 F.3d 1, 6 (1st Cir. 1996), but the less rigid constraints of due process impose outer limits based upon considerations of fairness and reliability.").

3

A█████████

"Ordinarily," the only relevant question in reviewing an Immigration Judge's decision regarding the admissibility of evidence into the record is "whether [the] respondent has had due process; or to be specific here, whether the [document sought to be admitted] correctly reflect[s] the facts." *Matter of J.R. Velasquez*, 25 I&N Dec. at 683; *see Yongo*, 355 F.3d at 31 (holding that authentication of a document "can be proved in any way that makes sense in the circumstances.").

Here, the respondent was provided sufficient due process to contest the authenticity of the Secretary of State Memorandum. The respondent filed legal briefs contesting DHS' evidentiary filings, including the Secretary of State Memorandum (Exhs. 4, 7). The Immigration Judge also scheduled and held an individual hearing to allow the parties to fully present their arguments regarding the respondent's removability as charged, and provided the respondent a sufficient opportunity to respond to any evidence DHS filed in advance of the hearing (*see* Jan. 5, 2026, Order). The respondent was also provided a sufficient opportunity during the February 11, 2026, hearing to contest DHS' removability charge, including arguments contesting the admissibility of the Secretary of State Memorandum (Tr. at 13-58). Further, DHS offered to retrieve additional documentation to confirm the authenticity of the Secretary of State Memorandum, and the Immigration Judge denied DHS' request for a continuance to obtain that information (Tr. at 41-43; Feb. 12, 2026, order).

There is no reasonable dispute in this case that the Secretary of State signed and issued the memorandum, and that the determination in the memorandum applies to the respondent. The Immigration Judge acknowledged during the February 11, 2026, hearing that she did not consider the Secretary of State Memorandum to be "fraudulent" or "incorrect" (Tr. at 21, 38, 45; Exh. 6, Tab D). Moreover, the respondent has not presented any evidence or argument asserting that the Secretary of State Memorandum was fraudulent, issued by someone other than Secretary Rubio, or that it applies to someone other than the respondent. The respondent's appeal brief states that the point of his lack of authentication argument is "not that the IJ found (or would need to find) actual intentional forgery in this particular case, but simply that the requirements for authentication have not been met here because of the possibility of forgery that would exist more generally if the limited features exhibited by the Memo were considered as self-authenticating" (Respondent's Br. at 13).

Given the absence of any genuine dispute over the authenticity of the Secretary of State Memorandum, the Immigration Judge's order determining the memorandum to be inadmissible for lack of authenticity essentially elevates form over substance. Thus, on the record presented, the Secretary of State Memorandum is sufficiently reliable, and the respondent received sufficient due process, for the document to be properly authenticated and admissible in these proceedings.

Moreover, contrary to the respondent's argument on appeal, the fact that DHS did not include the 3 attachments to the Secretary of State Memorandum in its filing does not render the

4

A█████████

document inadmissible (Exh. 6, Tab D; Respondent's Br. at 17-22).[4] The common law "rule of completeness," codified in Rule of Evidence 106, is not binding in immigration proceedings. *See Matter of J.R. Velazquez*, 25 I&N Dec. at 683.[5]

Further, the absence of the attachments does not implicate any due process concerns because "[t]he requirements of administrative due process are satisfied once the alien is notified that the basis for the charges against him is a determination by the Secretary under section 241(a)(4)(C)(i) of the Act." *See Matter of Ruiz-Massieu*, 22 I&N Dec. 833, 844 (BIA 2009).[6] Here, the Secretary of State Memorandum cites the relevant legal authority at INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i), and states that pursuant to that authority, the Secretary has "determined that the activities and presence of [the respondent] in the United States would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest" (Exh. 6, Tab D).

The Secretary of State Memorandum provides specific information regarding the respondent's activities and presence in the United States in support of the Secretary of State's determination (*Id.*). Thus, the Secretary of State Memorandum provides the requisite "facially valid" basis for the Secretary's determination that the respondent is removable under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) (Exh. 6, Tab D). *See Matter of M-K-*, 29 I&N Dec. 556, 557-58 (BIA 2026) (holding that the Secretary of State's letter that the respondent's presence

---

[4] The attachments to the Memorandum are 1) "DHS Letter on Mohsen Mahdawi;" 2) "HSI Subject Profile of Mohsen Mahdawi"; and 3) "8 U.S.C. § 1227(a)(4)(C)(i)" (Exh. 6, Tab D). The respondent does not contest the absence of the third attachment, on the assumption that it is a copy of the statutory provision at INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i ) (Respondent's Br. at 17).

[5] The respondent contends that the Board should remand the record for the Immigration Judge to make findings of fact in the first instance regarding the completeness of the Secretary of State Memorandum (Respondent's Br. at 15-17). We disagree because the Immigration Judge made the relevant findings of fact on the issue of completeness -- that the Secretary of State Memorandum filed in these proceedings did not include the attachments cited in the memorandum (Tr. at 54). What the Immigration Judge declined to address was the legal implications of those findings, i.e., whether the Secretary of State Memorandum is "complete" for purposes of admissibility, although she did opine that "even if it had been a question of completeness of the document," she would have terminated proceedings (Tr. at 54, 56). As explained below, under our de novo review, we hold that the absence of the attachments does not render the Secretary of State Memorandum inadmissible, or a violation of the respondent's due process rights in these proceedings.

[6] The decision in *Matter of Ruiz-Massieu*, 22 I&N Dec. at 842-46, addressed the statutory provision at INA § 241(a)(4)(C)(i), 8 U.S.C. § 1251(a)(4)(C)(i). That provision was recodified with the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C, § 302(a), 110 Stat. 3009-546, 3009-579, and now appears at INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i).

A███████

in the United States would have potentially serious adverse foreign policy consequences is presumptive and sufficient evidence that the respondent is removable under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i)); *see also Matter of Ruiz-Massieu*, 22 I&N Dec. at 842-46 (holding that a letter from the Secretary of State conveying the Secretary's determination that an alien's presence in this country would have potentially serious adverse foreign policy consequences for the United States, and stating facially reasonable and bona fide reasons for that determination, is presumptive and sufficient evidence that the alien is deportable under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i)).

Contrary to the respondent's arguments on appeal, the attachments to the Secretary of State Memorandum are not required for the Board to determine that the memorandum provides a "facially valid" basis for the removability determination (Respondent's Br. at 17-18). In fact, the respondent's arguments reflect that he seeks the attachments in order to evaluate the validity of the Secretary's determination (Tr. at 27; Respondent's Br. at 17-21). However, the respondent, the Immigration Judge, and the Board lack the authority to go behind the memorandum and question or evaluate the validity or reasonableness of the Secretary's foreign policy determination. *See Matter of Ruiz-Massieu*, 22 I&N Dec. at 843. Congress' enactment of INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) "specifically entrusts to the Secretary of State the determination of the potentially serious adverse foreign policy consequences of an alien's presence here." *Id.* at 844. *See also Matter of M-K-*, 29 I&N Dec. at 559 ("In enacting the INA, Congress assigned the Secretary of State unilateral judgment regarding adverse foreign policy consequences."). Thus, the respondent has not established that the absence of the attachments somehow renders the Secretary of State Memorandum inadmissible, or violative of the respondent's due process rights. The Secretary of State Memorandum as it appears in the record of these proceedings provides the requisite "facially valid" basis for the Secretary's determination that the respondent is removable under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) (Exh. 6, Tab D).

The respondent also contends that INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) should not apply to lawful permanent residents ("LPRs") because it is "bizarre" and constitutionally problematic" to revoke an alien's permanent residency status so long as the Secretary of State "incants the magic words 'foreign policy' and 'compelling.'" (Respondent's Br. at 23-24). As the respondent acknowledges, however, nothing in the INA states that the removability provision at INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) does not apply to LPRs (*Id.* at 23). Further, as discussed above, Congress entrusted the Secretary of State with the authority to determine an alien is removable under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i), and the Secretary's determination is "presumptive and sufficient evidence" of the alien's removability under that provision as long as the Secretary provides a "facially valid" basis for the determination. *See Matter of Ruiz-Massieu*, 22 I&N Dec. at 844; *see also Matter of M-K-*, 29 I&N Dec. at 557-58. We do not agree with the respondent's characterization of the process enacted by Congress as mere "incant[ation] of "magic words." (Respondent's Br. at 23). Further, the caselaw cited by the respondent does not support his argument that LPRs are exempt from removability under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) (Respondent's Br. at 23-24).

A█████████

The respondent also contends that the removability ground at INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) does not apply to "lawful statements and associations within the United States," which, he contends, are protected by the First Amendment (Respondent's Br. at 24-28). As noted, we do not look behind a facially valid designation under this section because it would implicate foreign policy. The respondent may raise any constitutional claims in any appeal from an administratively final order. *See Matter of M-K-*, 29 I&N Dec. at 563 (citing *Khalil v. President*, 164 F.4th 259, 276-81 (3d Cir. 2026)).

The Secretary of State Memorandum is admissible, and DHS therefore has met its burden of proving by clear and convincing evidence that the respondent is removable as charged under INA § 237(a)(4)(C)(i), 8 U.S.C. § 1227(a)(4)(C)(i) (Exhs. 1, 6, Tab D). *See* INA § 240(c)(3)(A), 8 U.S.C. § 1229a(c)(3)(A); *see also Matter of M-K-*, 29 I&N Dec. at 557-58; *see also Matter of Ruiz-Massieu*, 22 I&N Dec. at 842-46. Thus, we will sustain DHS' appeal, vacate the Immigration Judge's February 13, 2026, order terminating proceedings, reinstate removal proceedings, and remand the record for further proceedings and issuance of a decision regarding any applications for relief or protection.

Accordingly, the following orders will be issued.

ORDER: DHS' appeal is sustained, the Immigration Judge's February 13, 2026, order is vacated, and these removal proceedings are reinstated.

FURTHER ORDER: The record is remanded for further proceedings in accordance with the opinion above, and issuance of a new decision.