

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

July 14, 2026

**BY CM/ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

   *Re:* *Imran Ahmed v. Rubio, et al.*, No. 25 Civ. 10705 (LAP)

Dear Judge Preska:

 We write on behalf of Plaintiff Imran Ahmed to advise the Court of a recent supplemental authority relevant to Plaintiff's motion for a preliminary injunction (ECF 10) and Defendants' motion to dismiss (ECF 49).

 Today, Chief Judge Boasberg of the District Court for the District of Columbia issued a decision in *Coalition for Independent Technology Research v. Rubio*, No. 26 Civ. 815 (D.D.C. July 14, 2026) (attached as **Exhibit 1**), which concerns Defendants' policy of invoking Section 212(a)(3)(C) of the Immigration and Nationality Act (the "Foreign Policy Ground") against individuals who research and report on major internet platforms (the "Policy").

 Judge Boasberg stayed the Policy pursuant to 5 U.S.C. § 705 after concluding that it is likely "viewpoint based and unconstitutional." *Id.* at 43; ECF 10 at 10-15. Addressing the *Winter* factors, the Court held that the plaintiff is likely to prevail on its First Amendment and Administrative Procedure Act claims, Ex. 1 at 33-52, that "the loss of First Amendment freedoms . . . unquestionably constitutes irreparable injury," *id.* at 52-53, and that the balance of the equities and the public interest

favored a stay, *id.* at 54-55; *see also* ECF 10 at 17-21.  He also rejected the Government's reliance on 8 U.S.C. § 1252(g), (b)(9), and (a)(5)—the same jurisdiction-stripping provisions Defendants invoke here—and declined to follow the Third Circuit's decision in *Khalil*, which involved a plaintiff in removal proceedings with an order of removal.  Ex. 1 at 23-30; ECF 54 at 3-13.

While Judge Boasberg was careful to explain that his ruling did not address any "individual visa and removal decisions," because the plaintiff challenged just "the policy itself," Ex. 1 at 23-24, the logic of his opinion applies with equal force to this case and should lead to the same result.  Not only has Plaintiff brought his own challenge to the Policy, *see* ECF 54 at 13-15, but Judge Boasberg explained in detail the evidence linking the Policy to Defendants' efforts to arrest, detain, and transfer Plaintiff.  *See* Ex. 1 at 13-16.

Respectfully submitted,

Roberta A. Kaplan

cc:    Counsel of Record (via ECF)

2