**Kaplan Martin**

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

July 21, 2026

**BY CM/ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

      *Re:*   *Imran Ahmed v. Rubio, et al.*, No. 25 Civ. 10705 (LAP)

Dear Judge Preska:

We write on behalf of Plaintiff Imran Ahmed to advise the Court of a supplemental authority issued earlier today, *Mahdawi v. Trump*, ___ F.4th ___, 2026 WL 2090981 (2d Cir.) (slip op.) (attached as Exhibit A).

The panel in *Mahdawi* held that where removal proceedings have commenced and are ongoing, even in the absence of a final removal order, 8 U.S.C. § 1252(b)(9) acts to deprive a district court of jurisdiction to hear a habeas petition presenting claims that are "inextricably intertwined with the claim that removal itself is unlawful." Ex. A at 24 (citing *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026)). Applying that standard to the facts before it, the panel concluded that § 1252(b)(9) acted to bar jurisdiction over the petitioner's claims that he was detained on the basis of his "protected speech." *Id.* at 20-21.

In reaching this conclusion, the panel found that it was not bound by the earlier motion panel, which held that "§ 1252(b)(9)'s channeling function ha[d] no role to play" because the petitioner's "detention claims do not themselves challenge or arise from removal proceedings." *Mahdawi v. Trump*, 136 F.4th 443, 452 (2d Cir. 2025);

*see* Ex. A at 15-19.  In subsequent *en banc* proceedings, the motion panel's view was adopted by six active judges, who likewise concluded that "§ 1252(b)(9) poses no barrier" to jurisdiction.  *Öztürk v. Hyde*, 155 F.4th 187, 205 (2d Cir. 2025) (Nathan, J., concurring in the denial of rehearing *en banc* joined by Lee, Robinson, Pérez, Merriam, and Kahn, JJ.) (emphasis in original).

We are prepared to provide supplemental briefing on *Mahdawi* as the Court directs.  We have been informed, however, that the petitioner in *Mahdawi* will seek rehearing *en banc*.  Given that a plurality of the active judges on the Second Circuit joined Judge Nathan's concurrence in the prior *en banc* proceedings, we anticipate that it may be beneficial to brief the *Mahdawi* decision only after the petition for rehearing *en banc* is resolved.

In brief, however, Plaintiff's case is easily distinguishable from *Mahdawi*. Here, immigration proceedings have not yet commenced, let alone terminated, and there is no order of removal.  Plaintiff does not bring a habeas petition, but instead presents claims under the First Amendment and the Administrative Procedure Act, challenging both his imminent detention and arrest by Defendants and Defendants' unprecedented efforts to use the government's immigration powers to target individuals who criticize the operations of large social media corporations, such as X. Corp. (the "Policy").  Moreover, as this Court is aware, Chief Judge Boasberg recently held in a parallel proceeding that he has jurisdiction over a similar challenge to the Policy, notwithstanding § 1252(b)(9), and that the challenge is likely to succeed because the Policy is "viewpoint based and unconstitutional."  ECF No. 63 (quoting *Coal. for Indep. Tech. Research v. Rubio*, 2026 WL 2030770, at \*20 (D.D.C. July 14, 2026)).

Respectfully submitted,

Roberta A. Kaplan

cc:   Counsel of Record (via CM/ECF)

2