K a p l a n
M a r t i n

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

July 24, 2026

**BY CM/ECF**

The Honorable Loretta A. Preska
Southern District of New York
500 Pearl St.
New York, N.Y. 10007

      *Re:*   *Imran Ahmed v. Rubio, et al.*, No. 25 Civ. 10705 (LAP)

Dear Judge Preska:

On behalf of Plaintiff Imran Ahmed, we write to make Your Honor aware of a new supplemental authority, *Suri v. Trump*, No. 25-1560, ___ F.4th ___ (4th Cir.) (slip op.) (attached as Exhibit A).  While we apologize for the series of letters, there has been a lot of activity in other cases on the jurisdictional issues before the Court here.

In *Suri*, the Fourth Circuit held that the district court had jurisdiction to hear claims that a noncitizen was unlawfully arrested and detained on the basis of protected political speech.  Ex. A at 5-6, 32-59.  Citing Judge Nathan's opinion concurring in the denial of rehearing *en banc* in *Öztürk v. Trump*, the Fourth Circuit held that 8 U.S.C. § 1252(g), (b)(9), and (a)(5)—the same jurisdiction-stripping provisions cited by Defendants—did not deprive the district court of jurisdiction.  *Id.* at 32-59 (citing 155 F.4th 187, 205 (2d Cir. 2025) (Nathan, J., joined by Lee, Robinson, Pérez, Merriam, and Kahn, JJ., concurring in the denial of rehearing *en banc*)).

This development further underscores that the Court may benefit from supplemental briefing following the completion of appellate proceedings in *Mahdawi* given that Mr. Mahdawi intends to seek *en banc* review. *See* ECF 64. In fact, in *Chung v. Trump*—another appeal concerning these same issues—the Government is not opposing the petitioner's motion to stay briefing pending issuance of the mandate in *Mahdawi*. No. 25-1660 (2d Cir.), Dkt. No. 49 at 1.

Respectfully submitted,

Roberta A. Kaplan

cc:    Counsel of Record (via CM/ECF)

2