

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 29, 2026

**VIA ECF**
Hon. Loretta A. Preska
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

　　　　　　　Re: *Imran Ahmed v. Marco Rubio, et al.*, 25 Civ. 10705 (LAP)

Dear Judge Preska:

　　This Office represents the Defendants (the "Government") in the above-referenced action brought by Plaintiff Imran Ahmed ("Plaintiff").  We write respectfully in response to Plaintiff's letters advising the Court of the decisions in *CITR v. Rubio*, No. 26 Civ. 815 (D.D.C. July 14, 2026), *Mahdawi v. Trump*, No. 25-1113, 2026 WL 2090981 (2d Cir. July 21, 2026), and *Suri v. Trump*, No. 25-1560, 2026 WL 2123557 (4th Cir. July 23, 2026).  *See* Dkt. Nos. 63-65.  Because the Second Circuit has resolved the jurisdictional dispute at the heart of this case in the Government's favor, this Court should dismiss this action.

　　As the Government previously argued, this Court lacks jurisdiction over this action because, among other reasons, 8 U.S.C. § 1252(b)(9) channels all challenges "arising from any action taken or proceeding brought to remove an alien from the United States" into a single petition for review filed with the appropriate court of appeals.  *See* Dkt. No. 49 at 17-21.  As the Third Circuit had already held, because addressing Plaintiff's claims "would require deciding whether removing [Plaintiff] would be unlawful—the very issue decided through the PFR process," 8 U.S.C. § 1252(b)(9) channels review of these claims directly to the appropriate court of appeals following any removal proceedings.  *See Khalil v. President*, 164 F.4th 259, 276 (3d Cir. 2026).  In opposing the Government's jurisdictional arguments, Plaintiff relied heavily on the Second Circuit's interim stay decisions in *Mahdawi* and *Öztürk*, describing them as "controlling authority," and on the basis of those decisions, asserted that the Government's position (and the Third Circuit's opinion in *Khalil*) was contrary to "the law of this Circuit."  *See* Dkt. No. 54 at 9-10.

　　The Second Circuit, citing heavily to *Khalil*, has now joined the Third Circuit in holding that such claims are barred by § 1252(b)(9) in a virtually identical case.  In *Mahdawi*, the petitioner (like Plaintiff) was charged with removability by Secretary Rubio because he determined that Mahdawi's "presence or activities in the United States would have potentially adverse foreign policy consequences for the United States."  *See* Dkt. No. 64-1 ("Op.") at 7.  And like Plaintiff, Mahdawi asserted claims under the First Amendment, the Fifth Amendment's Due Process Clause,

the Administrative Procedure Act, and the *Accardi* doctrine.  *See id.* at 21 n.12.  The Second Circuit explained that Mahdawi's claims were barred by § 1252(b)(9) because "even the narrowest definition of 'any action taken . . . to remove an alien' would include a removability determination under the INA and the prioritization of an individual's removal premised on conduct alleged to be protected under the First Amendment."  *Id.* at 21-22.  Moreover, the Second Circuit rejected Mahdawi's argument that he was merely challenging his detention rather than his removal, explaining that "Mahdawi's habeas petition, unlike a challenge to the length or conditions of confinement, 'raises *legal questions* challenging the government's very basis for trying to remove (and thus detain[ ]) him.'"  Op. at 24 (quoting *Khalil*, 164 F.4th at 274) (emphasis and alterations in original).

Despite relying heavily on the *Mahdawi* stay opinion in his previous submissions, Plaintiff now argues that *Mahdawi* can be "easily distinguish[ed]" from the instant case.  *See* Dkt. No. 64 at 2.  None of the distinctions raised by Plaintiff are legally relevant.  First, Plaintiff argues that removal proceedings have not yet been commenced and there is no final order of removal.  As the Government pointed out in its reply brief, that is irrelevant.  *See* Dkt. No. 60 at 8.  The Second Circuit's opinion in *Mahdawi* supports that conclusion.  The court reasoned that "the plain meaning of 'any action taken . . . to remove an alien' encompasses *both* the Secretary of State's removability determination and the Government's commencement of removal proceedings against Mahdawi allegedly based on conduct protected by the First Amendment."  Op. at 21 (emphasis added).  Because Plaintiff challenges Secretary Rubio's determination that he is subject to removal, his claims (like Mahdawi's) are barred by § 1252(b)(9).

Plaintiff also argues that because he did not bring a habeas petition, and instead brought claims under the APA, *Mahdawi* does not apply.  *See* Dkt. No. 64 at 2.  But that distinction makes this case even more clearly barred by the relevant jurisdiction-stripping statutes.  As an initial matter, regardless of the vehicle, Mahdawi and Plaintiff brought nearly identical claims.  *See supra* p. 1-2; *compare* Dkt. No. 64 at 2 (asserting that Plaintiff presents claims "challenging both his imminent detention and arrest by Defendants and Defendants' unprecedented efforts to use the government's immigration powers to target individuals who criticize the operations of large social media corporations"); *with* Op. at 28 (setting forth Mahdawi's allegation "that the Government 'has adopted a Policy of targeting noncitizens for removal on the basis of First Amendment protected speech which advocates for Palestinian rights'").  And as the Government previously explained, the stay opinions in *Mahdawi* and *Öztürk* were inapposite because they held only that the petitioners there mounted an independent challenge to their detention and could likely proceed on those detention-specific claims.  *See* Dkt. No. 60 at 12.  The Second Circuit has now held that because Mahdawi's challenge to his detention is the same as his challenge to his removal, the district court does not have jurisdiction to resolve those claims.  *See* Op. at 24.  Plaintiff has never been detained and mounted no independent challenge to his prospective detention—in other words, his claims have always been, at their core, a challenge to his removability and are barred by *Mahdawi*.

The Fourth Circuit's opinion in *Suri v. Trump* is inapposite for two reasons.  As an initial matter, it is squarely contrary to the law of this Circuit.  Dkt. No. 65-1 at 76 (Wilkinson, *J.*,

dissenting) ("The majority's view is in direct conflict with the Third Circuit's decision in *Khalil v. President, U.S.* . . . and the Second Circuit's decision in *Mahdawi v. Trump* . . . ."); *see also id.* at 16 (majority opinion) (recognizing that the Fourth Circuit's opinion in *Suri* "diverges from the Third Circuit's determination in *Khalil v. President, United States*"). But even if it were not, the majority in *Suri* acknowledged that their opinion "aligns with" the Second Circuit's previous stay decisions in *Öztürk* and *Mahdawi*. *Id.* at 16. Accordingly, for the same reasons that the *Öztürk* and *Mahdawi* stay opinions were of no help to Plaintiff in this case, neither is *Suri*. *See* Dkt. No. 60 at 6-9.

The D.D.C.'s opinion in *CITR v. Rubio* is even less relevant to this case, especially in the face of binding Second Circuit precedent. While Plaintiffs argue that *CITR* somehow supports their jurisdictional arguments, that case is inapposite because the *CITR* court's analysis of the jurisdictional issues in that case depended entirely on CITR's status as an organization (rather than a noncitizen). The Court there specifically held that it was not stripped of jurisdiction because § 1252(g) "channels challenges arising from [the actions enumerated in § 1252(g)] when brought by or on behalf of the noncitizens whom the removal machinery is processing, and CITR is not among them," Dkt. No. 63-1 at 26, and that §§ 1252(a)(5) and (b)(9) did not apply to CITR because it cannot "obtain review of its organizational claims" in a removal proceeding and subsequently file a petition for review, and CITR had alleged that the chill on its speech occurred "because its members forego activity that might place them in removal proceedings" and "[w]ithout that activity, no proceeding will ever arise in which the legal questions could be raised," *id.* at 30. Because Plaintiff is a noncitizen challenging his own removability determination, any such claims must be raised via the petition for review process, and not in district court.

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    */s/ Danielle J. Marryshow*
DANA WALSH KUMAR
DANIELLE J. MARRYSHOW
Assistant United States Attorneys
Tel: (212) 637-2741/2689
Email: dana.walsh.kumar@usdoj.gov
       danielle.marryshow@usdoj.gov

cc: Counsel of Record (by ECF)

3